CHANCERY.

Case 23.

Sept. 23.

# Wood *vs* Gray's Executors. ·

## ERROR TO THE FAYETTE CIRCUIT.

### *Usury.   Limitation.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

**The case stated·**   WOOD filed his bill against Gray's executors, to recover from them usury paid to their testator, for forbearance of payment of several notes held by him upon the complainant.   They answered, denying the usury and pleading the statute of limitation.   The Circuit Court rendered a decree against the executors for $120, with interest from the 15th of June, 1838, till paid.   The complainant has brought the case to this Court, assigning for error, that the decree should have been for a larger amount; and the defendants have filed cross errors, that it was for too much, and especially that interest should not have been decreed.

**Where several distinct notes have been given for money, and usurious interest paid thereon more than five years before any attempt to reclaim, no recovery can be had upon any one where five years has elapsed.**   The sum paid by Gray to Gay, for the use of the complainant, was $810 only, including the ten per cent. interest which he says he paid.   This sum was paid only about one month after the commencement of the five years next preceding the institution of this suit.   The amount so paid falls short of the amount due upon the last $500 note which fell due, if ten per cent. interest be included.   We must presume, to make the testimony of Gray consistent with itself, that all the prior notes had been previously paid off, including the ten per cent. interest which had been exacted upon them; and the presumption is, that they had all been paid and satisfied before the commencement of the five years limitation.   At least, from the evidence, the presumption cannot be indulged that any part of the amount due on them was paid within the five years next preceding the commencement of this suit, as the payments had been made prior to the payment made by Gray.   As the notes were several and distinct, and the contracts to forbear may have been several and distinct, we do not feel authorized to transfer the usurious payments made upon the prior notes, to the last note, so as to save them from the operation of the

statute. These notes were paid off and fully satisfied, together with the usury exacted upon them, and there being no part of either of them unpaid, by which any impediment to the reclamation of the usury could have been interposed, the right of action to recover the usury immediately accrued, and the limitation commenced running, and five years having run before this suit·was brought, the remedy to recover the usury paid ·on these notes, was barred.

WOOD<br><i>vs</i><br>GRAY'S EX'RS.

But the whole amount of the four per cent. usury paid on the last note, should have been decreed to the complainant. For though the amount paid by Gray of $810, fell short of the aggregate amount of the last note, including the ten per cent. interest estimated up to the 10th of May, 1838, (about which time we conclude the payment was made,) by ten dollars and some cents, which must have been before paid, yet though the same was before paid, and most likely was paid, more than five years next before the institution of this suit, according to the principle settled by this Court in the case of *Crutcher* vs *Trabue and Tunstall*, (5 *Dana*, 80,) the payment thus made, though paid in usury, being applied as it' should be applied, towards satisfying the interest and legal interest, and there being a balance due and paid within the five years, more than sufficient to cover the usurious interest, the recovery of no part of the usurious interest is barred by the statute and the whole amount of usury paid on the note should, consequently, have been decreed, which amounts to $127 49¾ cents.

Tho' money has<br>been usuriously<br>exacted on a<br>note, and paid<br>more than five<br>years before the<br>institution of<br>suit to reclaim<br>it, and a balance<br>of the note is<br>paid within five<br>years, which is<br>credited or received as principal, the whole<br>amount so paid,<br>may be reclaimed if necessary<br>to cover the usury paid on the<br>transaction.

But though the specific amount decreed is less than the amount that should have been decreed, yet within the reason of the rule settled by this Court in the case of *Estill* vs *Rodes*, (1 *B. Monroe*, 320,) interest should have been allowed upon the usury only from the time the complainant elected to reclaim it. It was paid to be *used* by the defendant's testator as his *own* money, and not as the money of the complainant, and the latter had a perfect right to permit him so to use it; and until he manifested his intention to reclaim it, and advised the defendant's testator of his intention, by demand *en pais*, or by suit,

Interest on usury<br>paid should be·<br>computed only<br>from the time<br>when the party<br>paying it elects<br>to reclaim it by<br>demand <i>en pais</i>,<br>or suit for it.

he was guilty of no default in failing to refund it; and until such default interest is not demandable.

The decree of the Circuit Court is, therefore, reversed, and cause remanded, that a decree may be rendered in favor of the complainant for $127 49⅜ cents, with interest thereon from the 10th day of April, 1842, (the day of commencing the suit,) till paid, and costs, and the defendants in error are entitled to their costs in this Court.

*Robertson* for plaintiff; *Robinson & Johnson* for defendants.