Duvall
1du 48
113 914

CASE 17—PETITION EQUITY—JANUARY 23.

## Ellis vs. Brannin's ex'ors.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. The only change introduced by the act of March, 1862, " to amend the law of limitations of actions for usury," was to reduce the period within which actions for usury might be brought, from five years to one year. (*Sess. Acts*, 1061-2, 105.)

2. The act does not deprive the borrower of the right to treat payments of usury as payments of the principal and legal interest as long as the debt remains unpaid, nor give him a right of action to recover back such payments until the entire debt is discharged.  (5 *Dana*, 83 ; 5 *B. Mon.*, 93 ; 7 *B. Mon.*, 440.)

SIMPSON & SCOTT for appellant.

W. S. PRYOR for appellee.

CHIEF JUSTICE DUVALL DELIVERED THE OPINION OF THE COURT :

By the facts agreed in this case it is admitted that the payments of usurious interest on the two notes on which Ellis seeks to recover against the executors of the obligor, Brannin, amount to the sum of $153, and were made by Brannin in his lifetime ; more than twelve months prior to the demand on the executors or the commencement of this proceeding to recover the amount of said notes.   And the only question to be decided is, whether the executors are entitled to an abatement for the usurious interest so paid.

The plaintiff relies upon the act of 1862 to amend the law of limitations of actions for usury, which declares " that no action shall hereafter be prosecuted in any of the courts of equity or law in this Commonwealth, for the recovery of excess of interest theretofore paid, for the loan or forbearance of money or other thing, by the borrower against the loanor or forbearer, or the assignee of either, unless the same shall have been instituted within one year after the payment of such excess of interest; and this limitation shall apply to all payments made on all demands, whether evidenced by writing or existing in parol."   (*Sess. Acts*, 1861–2, *page* 105.)

It was decided by this court, in the case of *Hodge vs. Owings* (5 *Mon.*, 93), that the payor of usurious interest might, immediately upon the payment, although the debt remained unextinguished, have brought his suit to recover it back, and that, by the statute of limitations then in force, no such action could be brought after five years from the time of payment.

In several subsequent cases, however, this decision was expressly overruled, and a more reasonable and equitable construction of the statute adopted.   (*Crutcher vs. Trabue, &c.*, 5 *Dana*, 83; *Wood vs. Gray's ex'ors*, 5 *B. Mon.*, 93; *Booker vs.*

*Gregory,* 7 *B. Mon.,* 440.) These cases decide that a payment of usurious interest will, at the election of the borrower, be applied as a payment of the principal and lega interest; and that the borrower could not recover back the amount of such payment, either at law or in equity, until he had paid the whole of the principal and legal interest. Hence it was held that where usurious interest had been paid more than five years before the institution of suit to reclaim it, and there remained a balance due and paid within the five years sufficient to cover the usurious interest previously paid, such balance so paid, or so much as would equal the previous payment of usury, might be recovered, and the claim was not barred by the statute. The previous payment was treated as a discharge to that extent of the debt and legal interest; the subsequent and final payment was treated as payment of the usury.

Such was the well-settled law on the subject at the time the act of 1862 was passed. And the only change introduced by that act was to reduce the period within which actions for usury might be brought, from five years to one year. It was not intended to deprive the borrower of the right to treat payments of usurious interest as payments of the principal and legal interest as long as the debt remained unpaid; nor was the act intended to give the borrower a right of action to recover back such payments until he had discharged the entire debt. Any other construction would do violence, as well to the letter as to the obvious intent and spirit of the act. The same question was decided at the present term, in the case of *Barclay's ex'or vs. Ratliff's ex'or (MS. opin.).*

The result is, that in the present case the payment of the $153 of usury must be applied to the extinguishment of the principal and legal interest then due, and that the act referred to has no application to the case.

The judgment of the circuit court being in conformity with this view, is affirmed.