11b 393
95 536
11bu 393
j 111 227.

CASE 33—PETITION ORDINARY—OCT. 13.

# Smith v. Young, &c.

### APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. CHANGE OF PARTIES TO A NOTE IS A NOVATION—USURY.—The execution of a new note by part of the obligors in the old, and its acceptance by the holder in lieu thereof, is a complete novation, the old debt being thereby satisfied and a new one created.

    Where usury has been paid in such a case, a right of action to recover it accrues at once, and consequently limitation begins to run from the novation.

2. USURY PAID DOES NOT IPSO FACTO GO TO REDUCE THE PRINCIPAL, but the obligation to refund can only arise upon the personal election of the borrower to reclaim it.

3. WHERE AFTER USURY IS PAID THE ENTIRE DEBT IS DISCHARGED BY A NOVATION, before any election on the part of the borrower to reclaim the usury paid, it will not be applied in discharge of the new debt, if limitation has barred the right to recover it. (1 B. Mon. 314; 5 B. Mon. 92; 7 B. Mon. 441; 5 Dana, 83.)

4. USURY ON THE OLD DEBT INCLUDED IN THE NEW, ON A NOVATION, entitles the debtor to a deduction for such usury, in a suit on the new contract.

    *But usury actually paid on the old debt* does not taint the new contract.

5. USURY MAY BE RECLAIMED AS LONG AS THE DEBT IS UNPAID, although the evidences of such indebtedness have been repeatedly renewed.

    Usury paid at any time may be reclaimed as long as any part of the debt remains unpaid.

    *But it is otherwise* when by a change of obligors the old debt has been extinguished and a new debt created.

JAMES HARRISON, . . . . . . . . . For Appellant,

CITED

3 J. J. Mar. 682, Fowler v. Garret.

4 J. J. Mar. 3, Castleman v. Holmes.

4 Mon. 347, Wilkins v. Sears.

1 Dana, 84, Letcher v. Bank of Commonwealth.

5 Dana, 83, Crutcher v. Trabue.     1 Duv. 49–56.

5 B. Mon. 93, Wood v. Gray.

7 B. Mon. 440, Booker v. Gregory.

3 Mon. 347, Postlethwait v. Garrett.

17 B. Mon. 488, Hicks v. Shouse.

12 B. Mon. 306, Martin v. Martin.

CLEMMONS & WILLIS, . . . . . . . For Appellees,

CITED

3 J. J. Mar. 681, Fowler v. Garret.

3 Mon. 347, Postlethwait v. Garrett.

5 Dana, 83, Crutcher v. Trabue.

5 B. Mon. 93, Wood v. Gray.

7 B. Mon. 440, Booker v. Gregory.

1 Duvall, 49, Ellis v. Brannin.

12 B. Mon. 306, Martin v. Martin.

17 B. Mon. 488, Hicks v. Shouse.

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

This action was brought on the 12th day of February, 1874, by the appellant, Henry G. Smith, against the executor, executrix, and devisees of Lawrence Young, deceased, on a note executed by said Young to Smith on the 1st day of September, 1860, with E. J. Young as surety, for the sum of $1,509.53, credited by $160 paid May 3, 1863, and $1,500 paid April 20, 1867.

The defendants, now appellees, answered in substance that on the 1st day of January, 1851, Lawrence Young borrowed of Smith the sum of $1,813.33, for which he and Richard Young, William W. Young, and E. J. Young executed to him their note to fall due on the 1st day of May, 1852, "on which *said obligors* paid" annually up to the 1st day of May, 1859, interest at the rate of 10 per cent per annum, and that on the

4th day of October of that year " *said obligors* " paid thereon the sum of $500. That on the 1st day of September, 1860, Lawrence Young and E. J. Young took up said note by executing to Smith the note sued on, and the balance due on said old note was the only consideration for the new one.

They set forth in detail the amount of usury claimed to have been paid on the note of 1851, and pleaded it as a set-off, and prayed for judgment over against Smith for an alleged excess of the usury over the balance appearing to be due on the note.

To this Smith replied, and, amongst other things, insisted that the note sued upon was received in payment of the first note, and that any cause of action, that may have existed to recover back usury, accrued when the note was given and was barred by the statute of limitations, which he pleaded and relied upon.

A trial was had, which resulted in a judgment dismissing the petition, and from that judgment this appeal is prosecuted.

Assuming that usury was paid upon the first note to the extent claimed, it seems to us that the appellees failed to manifest a right either to recover the amount so paid or to have it set off against the balance due on the note sued on. The execution of the last note by only a part of the obligors in the old note was a complete novation, which substituted a new debt for the old one and gave a right of action for any usury that had been paid, and consequently the statute of limitations began to run at that time. It was as if the obligors in the old note had paid it off, and the appellant had loaned the amount thus paid to Lawrence Young and received the note in suit for the loan.

This is not at all in conflict with the ruling in those cases where new notes were given by the same parties who were previously bound. There the debt remained the same, the only effect of giving a new note being to furnish new evidence of the indebtedness. In this case the old debt was satisfied and a new debt was created.

The debt evidenced by the old note was the debt of Lawrence Young, William W. Young, Richard Young, and E. J. Young, while that evidenced by the new note was the debt of Lawrence Young and E. J. Young only.

The debt upon which usury was paid having been satisfied, of course the statute of limitations immediately began to run against the right of action to recover it back; and conceding all that is claimed by the appellees, their right to recover on the set-off was barred.

The evidence conduced to show that interest at 10 per cent per annum was counted on the balance due after the credit for $500 was deducted from the date of that payment to the date of the note, and was embraced in it. If this be true, the note contained usury to that extent; but this was all, unless, as claimed by appellees' counsel, the usury paid on the old note went by operation of law as payments, first of the legal interest and then to reduce the principal. By applying the usury claimed to have been paid as a credit upon the principal and legal interest, it appears that at the time of the execution of the note sued on there was due upon the old note only the sum of $775.69, and consequently that the new note was given for $733.84, more than was then due for principal and legal interest. This excess counsel call usury. Their theory is based upon the assumption that when an excess of interest is paid such excess goes *ipso facto* to reduce the principal.

If such is the law, then clearly the note sued upon contains usury to the amount of $733.84, and no recovery can be had therefor.

In Estill v. Rodes (1 B. Mon. 314) Estill, who was a judgment creditor of Rodes, having a return of *nulla bona*, instituted a suit in equity against Rodes, Miller, and Bronson, alleging that Rodes had paid to each of the other defendants large sums of money as usurious interest upon moneys borrowed by him from them respectively, and he prayed that the

money so paid for usury might be decreed to be paid to him in satisfaction of his judgment.   Rodes and Miller and Bronson resisted the recovery, and this court, in an elaborate opinion and after a review of many authorities, held that a payment of usury was not void and did not raise an implied promise on the part of the person receiving to refund it; that his obligation to refund could only arise upon the personal election of the party paying to reclaim it; and that until such election was made the creditors of him who paid the usury could not reach it as a chose in action.   The same principle was announced in Wood v. Gray (5 B. Mon. 92) and in Booker v. Gregory (7 *Ibid*, 441).

It was said in Crutcher v. Trabue (5 Dana, 83) that when money is paid on an illegal contract for usury, it is, by the contract between the parties, neither to be refunded nor applied to the extinguishment of the principal and legal interest. " But *when that contract is avoided* by the borrower, the law raises a promise by implication, with respect to the money paid as usury, and while the money borrowed remains unpaid, we think, will not raise a promise to refund, but to apply it to the payment of the sum justly due."   And it was accordingly held that the statute of limitations did not begin to run until the whole debt was paid.   But in this case, as we have already decided, the whole debt upon which usury was paid before the execution of the note sued on was paid by the execution of that note, and as Smith was under no obligation to apply the usury paid to him as payment on that debt, without an election by those making the payment to reclaim it, and as that election was not made until after the debt was paid, there was no debt to which the payment of usury could be applied. The election to reclaim the usury not having been made at the time the new note was given, the appellant was under no obligation to credit it as payment on the old note, and, consequently, the amount then due was to be ascertained without

reference to the usury. This was done, with the exception that it seems probable that interest was calculated on the balance found due after deducting the $500 credit from the date of that credit to the date of the note, at the rate of ten per cent. If this was done there is usury to that extent in the new note.

The conclusion that there was no greater amount of usury in that note than just indicated, and that usury previously paid did not enter into it, is strengthened by the cases of Postlethwait v. Garrett (3 Mon. 345), and Fowler v. Garret (3 J. J. Mar. 683).

In both of these cases the original loan was made upon usurious contracts, and usury appears to have been paid thereon, after which there were two or three renewals for the amounts originally borrowed, at legal interest, and it was sought to avoid the last notes because of the usury in the first; but the court held, the notes themselves containing no usury, they were valid.

In the last of these cases the court said: "When a note tainted with usury is merged in a new note, which is not infected with any portion of the corruption, the vice which would have avoided the first will not affect the last. The new contract will be considered, in effect (whatever it may have been in form), as equivalent to a new loan. If, in such a case, usury had been paid, it might be recovered back; or, if it had not been paid, its payment might be withheld, and could not be coerced against the will of the obligor." Again the court said: "If the borrower pay to the usurious lender his principal and excessive interest, and then, by a new contract, again borrow the principal on legal interest, the last loan is surely not tinged with usury."

It is insisted, however, that the case at bar is distinguishable from the cases last cited, in this, that in those cases the new notes were entirely free from usury, while in this case the proof tends to show that the new note is not. This difference

does exist between the facts in those cases and in this, but does that difference affect the principle involved? At the time the notes involved in those cases were executed, if a note was infected with any usury whatever it was void, and no recovery could be had on it, even for the principal and lawful interest, and hence the court laid stress on the fact that they contained none.

We quote these cases simply to show that the usury paid on the old note did not infect the new one. Whatever usury the latter may have contained was wholly independent of the usury paid on the former, and it will affect the note which contains it to no greater extent than if no usury had been previously paid.

We are aware that the more modern rule is, that as long as the debt exists upon which usury has been paid, although the evidences of such indebtedness have been repeatedly renewed, usury paid at any time may be reclaimed as long as any part of the debt remains unpaid. But, as already intimated, that rule has no application to a case like this, in which, by a change of parties, the old debt has been extinguished and a new debt created.

When the note sued upon is purged of any usury embraced in it, by calculating interest at ten per cent from the date of the $500 payment to the date of the note, it is not extinguished by the payments made, and the court therefore erred in dismissing the appellant's petition. Wherefore the judgment is reversed, and the cause is remanded for a new trial upon principles not inconsistent with this opinion.