### CAROLINE J. BACON *v.* RICHARD RUDD, ADM'R.

**Usury—Recovery Back of Usurious Interest—Statute of 1876.**
> One paying usurious interest is entitled to have it credited on the principal, but cannot recover it back until all the principal is paid.

**Statute of 1876.**
> The statute of 1876 to vary the rule as to contracting to pay interest is not retrospective in its operation.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

September 15, 1876.

OPINION BY JUDGE PRYOR:

The execution of the memorandum dated in October, 1871, by which the obligor in the note agreed to pay 10 per cent. in consideration of forbearance, etc., created no such obligation on the part of the appellant as precluded her from instituting an action at any time upon the note and prosecuting it to judgment. She had agreed not to enforce the lien created by the mortgage upon certain property for a specified time, in order that the debtor, Dr. Rudd, might lease it, but the note was then due, and no demand or refusal was necessary to enable the appellant to coerce payment by suit. Such an action could have been instituted at any time, and the memorandum referred to, if pleaded, could not have prevented a judgment.

It was proper for the commissioner to deduct the annual interest from the note, and the mode of calculation, in order to ascertain the amount due, must be approved. The prior and legal interest has been computed up to the time of payment, and the payment deducted; and if any error has been committed by this method of arriving at a correct result, it is against the appellee. *Kay v. Fowler,*

*et al.,* 7 T. B. Mon. 594. In 1868 the appellant loaned to the decedent ten thousand dollars, payable in three years, at 10 per cent. interest. The interest, amounting to three thousand dollars, was secured by notes of five hundred dollars each, payable in instalments and executed at the same time. It must then be regarded as an entire transaction, which the decedent undertook to pay 10 per cent. interest on for three years. There never was any renewal of the original note, and the only change made in the contract was the memorandum of October 13, 1871, on which the obligor still agreed to pay the 10 per cent. interest; and if there had been a renewal for the same debt and by the same parties, the rights of the appellant would have been the same.

It must be admitted that the contract to pay this excess interest made in 1868 was illegal, and that the debtor could have recovered the usury at any time after the payment of the principal debt unless barred by the statute. He could not have recovered any of it back until the principal was paid, as the law applied such payments in discharge of the principal debt. The agreement to pay the 10 per cent. interest after the passage of the interest law of 1871 in no manner deprived the obligor of his right to plead usury; nor did it legalize or affect usurious contracts made prior to its passage. The earlier decisions in this state, several of which have been quoted, conduce to sustain the position announced by appellant's counsel in this case.

We find, however, that these decisions have not been followed, and, in effect, have been overruled since the decision in the case of *Crutcher v. Trabue & Tunstall,* 5 Dana 80. In that case it was held that no recovery could be had of the usury by the borrower until the principal debt was paid, and that the usury should be credited on the debt as of the date when it was paid. See *Wood v. Gray's Exr.,* 5 B. Mon. 92. In the case of *Booker v. Gregory,* 2 B. Mon. 439, Booker loaned to Gregory a large sum of money at 10 per cent.; a separate note for $303 was executed for the usury. In a controversy in regard to the usury this court said that the payment of the $303 was a part of the res gestæ; it was paid on account of the borrowing and lending. The mere fact of calling it the usury which had then accrued, did not have the effect to separate the transaction or to dissolve the connection and relation which it bore to it. The giving the small note was as much a part of the transaction as giving the large one. The effort of the lender to separate the chaff from the wheat is merely ideal.

The true question is, "How much of the loan and legal interest has been reimbursed and how much remains unpaid." It is now too well settled in this state to admit of controversy that all moneys paid by the debtor or borrower to the lender on the debt, whether called usury or not, will be treated as a payment of so much of the debt and the legal interest due; and no recovery of the usury can be had until the debt and legal interest is paid. There is nothing in this case to vary the rule unless the interest law of 1876 is retrospective in its operation, and invalidates all usurious transactions theretofore made. Such could not have been the intention of the legislature, nor is such a construction authorized by the language of the act. The language of the enactment is that it shall be lawful to contract, not that all contracts now in existence and hereafter to be made shall be deemed lawful. Courts are not disposed to construe such law as retrospective, and disturb the rights of parties fixed and understood by the law in existence at the time they were entered into, unless there is something in the statute indicating at least that such was the legislative intent.

If the act in question is not retroactive the contract must be regulated by the law in existence at the time the contract was made. There was no penalty annexed to the usury law when this contract was entered into. The lender was entitled to his money and legal interest with the right on the part of the borrower to recoup the money, if any, paid. We are not able to perceive the application of the doctrine in reference to crimes and punishments under our penal laws, to the case at bar. The cases from the Indiana Supreme Court have heretofore been considered by this court, and although the statute, if introduced, differs somewhat from the Kentucky statute, even with the high respect we have for the learning and ability of that court, still we could not give a similar construction to such a statute.

The rights of the parties are not affected by the change made in the interest laws, as to transactions originating prior to the passage of that act; nor is the payment of money upon such contracts after its passage an obstacle to its recovery back by the borrower. The written obligation to pay 10 per cent. on the price executed after the interest law was enacted can be enforced. The court below having adopted this view of the questions presented, the judgment must be *affirmed*.

*John Roberts, George B. Easton, for appellant.*
*Barr, Goodloe & Humphrey, for appellee.*