### W. W. TRIMBLE *v.* C. F. DELLING.

**Usury—Renewing of Debt.**

> As long as a debt exists upon which usury has been paid, although the evidences of such indebtedness have been several times renewed, usury paid at any time may be reclaimed as long as any part of the debt remains unpaid.

### APPEAL FROM HARRISON CIRCUIT COURT.

October 8, 1878.

OPINION BY JUDGE PRYOR:

If the position maintained by counsel can be regarded as the law, there is nothing in the record showing that any usury was paid in advance, or at the expiration of each year. The payment of certain sums is alleged to have been made, and after deducting the payments and calculating the interest at six per cent., the amount properly due and owing is reached; nor does the reply allege that the usury was paid, but proceeds by admitting the facts stated in the answer as true, and the payment of interest each year as alleged by the defendant. In the case of *Smith v. Young,* 11 Bush 393, it is stated: "the modern rule is, that as long as the debt exists upon which usury has been paid, although the evidences of such indebtedness have been repeatedly renewed, usury paid at any time may be reclaimed as long as any part of the debt remains unpaid."

The case of *Booker v. Gregory,* 7 B. Mon. 439, is conclusive of this case, and as there said, "the mere fact of calling it (the payment) the usury which had then accrued, did not have the effect to sepa-

rate the transaction or to dissolve the connection and relation it bore to it."

Judgment *affirmed.*

*W. W. Trimble, for appellant.   A. H. Ward, for appellee.*

