CASE 110—ACTION BY J. G. CRENSHAW AGAINST EDMUND DUFF'S EX-
ECUTOR TO RECOVER USURY ALLEGED TO HAVE BEEN PAID.—OCTO-
BER 10.

# Crenshaw v. Duff's Exr., &c.

APPEAL FROM BARREN CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS.   REVERSED.

USURY—APPLICATION OF PAYMENTS—EXECUTORS AND ADMINISTRA-
TORS—ACTIONS—CONDITIONS PRECEDENT—AFFIDAVIT AND DEMAND
—NECESSITY.

Held:   1. Where a debt carries a greater rate than legal interest,
payments will be applied first to the discharge of the legal
interest and then to the principal, and, so long as any part of the
principal remains due, there will be no payment of usury.

2 Kentucky Statutes, section 3870, requires that all demands against
the decedent's estate shall be verified by the written affidavit
of the claimant, and section 3872 provides that, before such af-
fidavit is made, no action shall be brought or recovery had on any
demand, nor until demand of payment thereof has been made
of the personal representative, accompanied by the required af-
affidavit.   But where the payment of usury sought to be
recovered was made to the executor and not to the decedent in
his life time, the recovery is against the executor individually,
and in such case no affidavit or demand is required before suit.

J A. CONYERS, ATTORNEY FOR APPELLANT.

This suit was brought by appellant, J. G. Crenshaw against
George T. Duff, executor of Edmund Duff, deceased, and H.
A. Crenshaw to recover from said executor $282.40, claimed to
be due as balance on a note executed by appellant and H. A.
Crenshaw to decedent, and which amount, appellant alleges,
was usurious interest wrongfully and knowingly collected by
appellee.

This money $282.40 was paid by appellant to the executor.
November 10, 1899, and it is alleged in the petition that the
sum so paid  was usury and was known by the executor to be
usury when he received it.

The court, on motion of appellee, dismissed plaintiff's petition on the ground that it did not allege that he had verified his claim and demanded payment thereof, of the executor, before bringing suit.

We claim that the statute requiring verification and demand does not apply in this case.

### AUTHORITIES CITED.

Brent's Exr. v. Tivebaugh, 12 B. Mon., 89; Thomas' Exr. v. Thomas, 15 B. Mon., 184; Berry, &c. v. Grady's Admr., 1 Metc., 553; Proctor v. Terril, 8 B. Monroe, 452; Lucking's Admr. v. Gegg, &c., 12 Bush, 299.

V. H. BAIRD AND BASIL RICHARDSON, FOR APPELLEES.

It affirmatively appears from appellant's petition, that the decedent collected all payments made on the alleged original note, and decedent is alleged to have accepted the alleged renewal note for $—— bearing six per cent. interest, and to have surrendered to appellant the alleged original note which is alleged to have borne ten per cent. interest. It also appears that appellee received into his hands the renewal note which bore only six per cent. interest and that he collected only six per cent interest thereon.

It further appears from the petition and copy of the original note filed, that part of the payments made to decedent on the original note are not endorsed thereon, but rests solely in the breast of appellant and can not be proven by other than oral evidence. These facts appearing, appellee filed his affidavit and moved the court to dismiss appellant's petition for want of verification and demand before the institution of the suit, which motion the court sustained.

We insist that inasmuch as the usurious interest is alleged to have been paid by appellant to decedent, not to the executor, if paid at. all, was paid to the decedent in his life time on the original note and that the judgment of the lower court dismissing the petition should be affirmed.

### AUTHORITIES CITED.

Kentucky Statutes, secs. 3870, 3871, 3872; Leach v. Kendall, 13 Bush, 426; 96 Ky., 634; Howell v. Leavell, 10 Bush, 481; Warfield v. Gardner, 79 Ky., 583; Rogers v. Marcum, 1 Metc., 24.

OPINION OF THE COURT BY JUDGE O'REAR—REVERSING.

Appellant, J. G. Crenshaw, and his brother, H. A. Cren-

shaw, executed their joint note to Edmund Duff on the 26th
of January, 1869, for $1,145.73, stipulating for the pay-
ment of interest at the rate of 10 per cent. per annum. It
is alleged that appellant and H. A. Crenshaw made various
payments on that note until its renewal on the 19th of Jan-
uary, 1880. In the renewal the old note was surrendered,
and a new note executed, bearing six per cent. per annum
from date until paid. During the year 1882 the obligee,
Edmund Duff, died testate, appointing appellee George
T. Duff as his executor. Appellant alleges that he contin-
ued to make payments upon this note until November 10,
1899, when he made the final payment of $282.40. These
payments, applied to the original debt, counting interest
at the rate of six per cent. per annum, would have dis-
charged the debt and legal interest before the payment of
$282.40. It is the rule in this State that in the applica-
tion of payments, when made to apply upon a debt carrying
a greater rate than legal interest, they will be applied first
to the discharge of the legal interest, and then to the prin-
cipal, and that, so long as any part of the principal remains
due, there is no payment of usury. Bank v. Calk, 4 Ky.
Law Rep., 617; Kendall v. Crouch, 88 Ky., 199 (10 R., 993)
11 S. W., 587; Hill v. Cornwall's Assignee, 95 Ky., 512 (16
R., 97) 26 S. W., 540; Ellis v. Brannin's Ex'rs, 1 Duv., 48;
Stone v. McConnell, Id., 56. It follows, therefore, that the
payment of usury, if any was made in this case, was made
in the latter payment or payments. In 1900 this suit was
brought by appellant against appellee to recover the $282.40
named upon the ground that it was wholly usury. Appel-
lant was required by the court to state specifically in his
petition the date of Edmund Duff's death, and the pay-
ments made on the debt to Edmund Duff and those
made to George T. Duff, his executor. Complying with that

rule, appellant alleged that all payments made after 1882 (which were set forth, amounts and dates being all stated) were made to George T. Duff, as executor of Edmund Duff. Thereupon George T. Duff filed his affidavit that no demand had been made of him, verified by the affidavits required by statute, and upon his motion the action was dismissed, and Crenshaw has appealed.

Section 3870 of the Kentucky Statutes requires that all demands against the estate of a decedent shall be verified by the written affidavit of the claimant, etc., and also that it shall be verified by a person other than the claimant where it is other than an obligation signed by the decedent, or a judgment. Section 3872 provides: "Before such affidavit is made, no action shall be brought or recovery had on any demand, nor until demand of payment thereof has been made of the personal representative, accompanied by the required affidavit." Prior to the adoption of the General Statutes, the provisions of which are re-enacted in the sections above referred to, the Revised Statutes required only that the purging affidavit and supporting proof should be made before a recovery could be had. Here it is provided that they shall be made accompanied by the demand before suit may be brought. This court has heretofore had this question before it only collaterally. In Proctor v. Terrill, 8 B. Mon., 452, the debtor had paid part of the debt, including some usury, to the creditor in his lifetime, and paid the remaining usury to the personal representative. The court held that the debtor's remedy was against the executors personally for any usury exacted by them after the note came to their hands, and that the estate would be responsible for the usury exacted by the testator, or which was included in the note when they received it. In Berry v. Graddy, 1 Metc., 553, a demand against the administrator

was for liability created by him for the estate. An objection was made to the item because it was not verified by the written affidavit of the claimant, as required by the statute. Said the court: "This objection is founded on a misconception of the class of claims to which the statute applies. Only those demands that were created by the decedent himself, and such as are properly demands against his estate, are embraced by it. Whether such demands are just, or contain usury, or whether there be any offset or discount against them, the personal representative may not know, and therefore the law requires them to be verified by the oath of the claimant, as well as by other proof. But this does not apply to debts created by the personal representative himself, nor are such debts, properly speaking, demands against the estate of the decedent. They are demands against the personal representative himself, and, as he has personal knowledge of their correctness, he has a right to pay them without any verification by the claimant." In Lucking's Adm'r v. Gegg, 12 Bush, 299, the surety in a debt, after the death of the principal, paid off the debt. This created a liability by the decedent's estate to the surety for the sum so legally paid. The question was whether the surety, before he could maintain an action against the decedent's estate to recover this sum, should make the affidavit and demand provided by the statute. The court said: "The court properly refused to dismiss his amended petition upon the ground that he had not made demand of the administrator of Lucking before suit. His right of action accrued against the personal representative, and not against the deceased, and it is not such a demand as is contemplated by section 37 of article 2 of chapter 39 of the General Statutes." (Same as section 3872, Kentucky Statutes.) We sum up the case at bar to be this: Appellant's cause of

action did not and could not exist on a claim for usury paid upon the debt mentioned until after the full discharge of the principal sum and legal interest, all previous payments being applied first to the discharge of legal interest accrued and then to the principal. Therefore as no usury was paid in the lifetime of decedent, Edmund Duff, but it was paid, if any was paid, to the executor, George T. Duff, the executor having received that to which neither he nor his testator's estate was entitled (assuming that the payments were made as alleged in the petition), the executor was bound to refund to appellant the excess which constituted the usury. This demand was against the executor, and not against the estate of the testator. Therefore it is not of that class of claims embraced in the provisions of sections 3870 3872, Kentucky Statutes. No demand or verification was necessary. We, of course, do not mean to say that, if an issue should be joined upon the averments as to the various payments and renewals, plaintiff would not be required to prove them by competent evidence. It follows that the court erred in dismissing any part of the cause of action sued on that accrued after the death of Edmund Duff.

The judgment is reversed, and cause remanded for further proceedings not inconsistent with this opinion.

Petition for rehearing by appellee overruled.