## Bullard's Admr. v. Waddy's Admrx.

(Decided June 17, 1921.)

### Appeal from Shelby Circuit Court.

1. Interest—Application of Payments.—Where an obligee accepts payment from one of two joint obligors of his individual part of a debt and releases him of further liability there remains unsatisfied only the individual and isolated obligation of the other with simple interest, and the obligee is not entitled to have the payment treated as a partial payment on the joint obligation for the purpose of compounding interest against the remaining obligor.

2. Novation—Interest.—A writing which simply acknowledges liability for an old indebtedness about to be but not barred by the statute of limitations and does not contain any new promise is not a novation and does not authorize adding accumulated interest to the principal on the date thereof and the calculation of interest on that sum thereafter.

E. B. BEARD for appellant.

WILLIS & TODD for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

On April 10, 1895, Mrs. Anna M. Bullard furnished to Waddy & Bullard, a partnership composed of George W.

Waddy and her husband, William Bullard, the sum of $3,475.17 which was used by the firm to discharge its obligations to two banks. Shortly thereafter, Waddy executed and delivered to Mrs. Bullard two affidavits reciting the facts and stating that this sum was furnished to him and Bullard as an investment for Mrs. Bullard.

On January 27, 1910, Waddy signed and delivered to Mrs. Bullard the following writing, in which we have inserted parenthetically two explanatory clauses of our own:

"We, Geo. W. Waddy and Wm. Bullard, hereby recognize the attached paper (one of the affidavits) as valid and binding on us, and acknowledge the accounts mentioned herein in favor of Mrs. Annie M. Bullard, viz.: the sum of $3,475.17. It being money furnished us Sept. 4th, 1895 (should be Apr. 10, 1895) by said Mrs. Annie M. Bullard.

"January 27th, 1910.

"GEO. W. WADDY."

Waddy died testate in 1917 and Mrs. Bullard died intestate in 1919. The administrator of the latter instituted this action against the administratrix with the will annexed of the former, setting up the above facts and alleging that by reason thereof there was due Mrs. Bullard on January 27th, 1910, the sum of $6,560.52; that upon that date Bullard paid one-half thereof, or $3,280.26, and that Waddy was justly indebted to her estate in a like amount for which judgment was asked, with interest thereon at the rate of six per cent. per annum from January 27, 1910, until paid subject to certain credits which are not in dispute.

The defendant by answer admitted liability for one-half of the amount furnished to the firm of Waddy & Bullard with simple interest at six per cent. per annum from April 10, 1895, and offered to confess judgment therefor, but contested the asserted right of the plaintiff to have January 27, 1910 considered as a stop date for the calculation of the interest as on partial payments. Upon the trial the court sustained the contention of the defendant and gave judgment against her for one-half of the original indebtedness with interest calculated straight through without stop from April 10, 1895, and plaintiff appeals.

The only question presented by this appeal therefore is whether interest should have been calculated straight

through without stop from April 10, 1895, upon one-half of the original indebtedness or should have been counted on the whole amount from that date until January 27, 1910, and thereafter upon the balance found to be due upon that date by adding accumulated interest to the principal and crediting same with one-half thereof. The difference in the two methods of calculation amounts to more than $800.

The indebtedness originally was unquestionably the joint and several obligation of Waddy & Bullard and it may be conceded that if either of them on January 27, 1910, had made a payment of one-half of the amount then due he would have paid $3,280.26, and the amount now due would have been ascertained by the method contended for by appellant, but this contention finds no support from the evidence of what actually happened. There is no evidence whatever that on January 27, 1910, Bullard paid to his wife $3,280.26 or any other sum on the joint indebtedness as alleged in the petition. But it is shown without contradiction that in consideration of about $3,000 paid by him to her some ten or fifteen years ago, she released him of all liability upon the indebtedness.

Manifestly this was not a payment on the joint indebtedness, but was a complete severance of same into its two component parts and left unsatisfied only Waddy's individual and isolated part thereof; and it is very clear that the severance and release thus granted by the obligee to one of two joint obligors could not impose upon the other the duty of paying compound interest on his remaining and isolated part of the debt.

Neither did Waddy impose upon himself any such duty by the execution of the writing of January 27, 1910, by which he merely acknowledged again, as he had twice done by affidavits, that he and Bullard were jointly indebted to Mrs. Bullard in the sum of $3,475.17 for money furnished them on April 10, 1895. Obviously the only purpose and effect of this instrument was to prevent the original debt from becoming barred by limitation as it otherwise would have been in a few weeks. It shows on its face that Waddy did not at the time he signed it know, if he ever knew, of any payment by or release of his co-obligor; that he did not intend to bind himself alone and that he had no intention of extinguishing the old obligation and substituting a new one therefor. Nor did Mrs. Bullard or the plaintiff so regard it since she did not surrender the evidences of the original indebted-

ness and plaintiff has declared upon same and filed them with the petition as the basis of this action.

Hence the writing of January 27, 1910, was not a novation as is now claimed by counsel for appellant. 20 R. C. L. 366.

The only case cited by appellant on this question, Smith v. Young, 11 Bush 393, is not pertinent since its facts presenting a clear case of novation are not even remotely analogous to those of the instant case in any particular.

Hence the court did not err in calculating simple interest on Waddy's one-half of the .indebtedness from April 10, 1895, in the judgment rendered against defendant, and it is affirmed.