CHIEF JUSTICE ROBERTSON
delivered the opinion oe the court.
Without any proved express contract for compensation, David Arthur, an old man, lived in the family of his daughter and her husband, the appellants, and may have been, as charged, clothed and nursed by them for about thirteen years. This action was brought to recover pay.
The following affidavit is appended to the petition, “that they hold a claim against the estate of David Arthur, sr., deceased, evidenced by a written contract, dated December 24, 1865, signed by said David Arthur, now deceased, for the sum of one thousand dollars, payable to said Margaret,” his said daughter. And that paper, so described as evidence of a written contract, is as follows:
“Indian Creek, Lewis County, Ky., December 24, 1865; know all persons whom it may concern, that I do hereby give and bequeath to my daughter Margaret (wife of Rowland Thomas) the sum of one thousand dollars as a consideration for all her many services rendered me in my age and infirmity; the said sum and amount of one thousand dollars to be paid to my daughter Margaret out of my estate by my heirs.”
(Signed) David x Arthur.
R. C. Thomas, R. H. Dormin, j-Witness.
The answer, admitting the boarding, traversed the allegation of contract; averred that the old man enjoyed the proceeds of his own small tenement; performed services; had some sheep and other personalty, and some money; all contributed to his maintenance; charged that the writing was fraudulently pro *247 cured when he was incompetent; and that, in taking care of him, his daughter performed only a filial duty, and neither claimed nor was entitled to any compensation.
After proving on the trial that the old man lived with them about thirteen years, and had been well cared for and nursed and clad, and had enjoyed some of the property mentioned in the answer, the appellants offered the testamentary writing, not as a will or a contract, but only as an acknowledgment which might imply a liability to some extent. But the circuit court refused to admit it for any purpose, and instructed the jury to find against the appellants.
Section 1, art. 3, chap. 99, of Revised Statutes, page 410, commonly called “ the Virginia Hospitality Act,” requires an express contract for board in such a ease as this. But it does not apply to clothing or nursing, for which there may be an implied contract.
The rejected paper is not a contract nor an acknowledgment of any express contract. It is only a quasi testamentary gift, made in consideration of the daughter’s services and attentions; and never having been probated it could not be collaterally admitted for any legatory purpose. Section 29, chapter 106, of Revised Statutes, page 466, forbids it by providing that “ no will shall be received in evidence until it has been allowed and admitted to record by a county court.” This interdicts the paper in this case as evidence for any testamentary purpose ; but may it not be legal evidence of a fact to be used for some other purpose ? Had it said that the old man had box-rowed one thousand dollars from his daughter, and therefore bequeathed to her that amount with interest, would it not be competent as an aclcxxowledgment of a debt? This court explicitly so adjudged in the analogous case of Montgomery’s administrator v. Miller, 4 B. Monroe, 471.
The paper does xxot imply any express contract, but constructively repudiates that presumption. But may it not *248 admit clothing or nursing which would pro tanto imply a contract not required by the statute to be express ? However slightly it may do this, it was for that sole purpose admissible for the consideration of the jury.
It therefore seems to this court that the circuit court erred in rejecting the writing for any purpose, and in peremptorily instructing the jury to find against the .appellants.
Wherefore (Judge Peters dissenting) the judgment is reversed and the cause remanded for a new trial.