## John Lay, et al. v. Mary Jane Lay, et al.

(Decided November 20, 1923.)

### Appeal from Whitley Circuit Court.

1. Executors and Administrators—Evidence Held to Sustain Claim for Sum Paid on Land.—In a suit by the widow for settlement of the estate and for sale of land to pay plaintiff's claim for money alleged to have been paid by deceased on the purchase price of the land sought to be sold, evidence held sufficient to support findings that the widow had paid such amount of money on the land in question.

2. Executors and Administrators—Person Paying Burial Expenses Held Not Volunteer.—A stepson who paid burial expenses of stepfather after the heirs had failed to pay them, and after urgent insistence of his mother who was greatly distressed, was not a mere volunteer.

3. Executors and Administrators—Burial Expenses Paid by Third Person at Request of Widow Held Charge on Estate.—Under the Roman and common law, it was always recognized to be just and proper for the expenses of decent interment to be paid out of the estate of the decedent when he left property sufficient for that purpose, and where a widow, in the absence of the personal representative, saw that decent interment was had of her husband, the estate of the husband became liable to her, or to the one with whom she contracted, for the reasonable expense of such burial, and became liable to her son, a stepson of the decedent, who at her request paid the bill and took an assignment thereof, thereby becoming subrogated to her rights.

4. Executors and Administrators—No Demand for Claims Necessary Before Suit Against Heirs to Settle Estate.—Where no administration was had, no verification or demand required by Ky. Stats., sections 3870-3872 was necessary before bringing suit against heirs on claims against decedent and to settle estate.

5.  Executors and Administrators—Not Necessary to Make Verification of Obligations Created by Representative.—Ky. Stats., section 3870, requiring verification of claims against estates, applies only to obligations that were created by the decedent and not those created by the personal representative or persons acting in his stead.

6.  Executors and Administrators—Verification of Claim Necessary Before Judgment in Suit for Settlement of Estate.—In view of Ky. Stats., sections 3870-3872, verification of a claim created by decedent, while not a prerequisite to filing suit against heirs to settle estate, is essential before judgment is entered.

7.  Executors and Administrators—Attorney's Fee Improperly Allowed in Action Against Heirs.—In an action against heirs, in form a suit to settle the estate, but in substance and reality an action to recover on contested claims, an attorney's fee should not be allowed out of the estate, the services being performed by attorneys for the benefit of their clients alone.

TYE & SILER for appellants.

STEPHENS & STEELY for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

T. C. Lay died intestate in Whitley county. He had no children, but was survived by several brothers and sisters and also a widow. The latter had a son, L. C., who was born prior to her marriage to T. C. Lay, and who was six years of age at that time.

T. C. Lay did not adopt him but at his suggestion the boy took his surname and lived as a member of the family, and it seems that he and his stepfather were intimate and fond of each other. At the time of the death of the latter L. C. was 30 years of age and established as railroad agent at the village of Mountain Ash.

At his death deceased owed a physician $25.00, and thereafter his widow and stepson, L. C. Lay, asserted certain claims against his estate.

No administration was had, but the widow, stepson and physician brought suit jointly against the heirs at law in the circuit court setting out their several claims, alleging there was no personalty and asking the sale of certain real estate described in the petition, and seeking a settlement of the estate.

The heirs paid the physician's bill, but there was no reference to the master, and it is not disclosed whether or not there was any other indebtedness, nor as to whether

there was any personal property other than $2.00 in cash, this being on hand at decedent's death.

Judgment was rendered in favor of the widow in the sum of $350.00; in favor of L. C. Lay for $100.00, and the sum of $100.00 was also allowed for attorneys' fees, with a decree to sell the land described in satisfaction of the claims and costs. The heirs have appealed and are now urging that each of these allowances was erroneous.

The claim of Mary Jane Lay was for a sum alleged to have been paid on the purchase money of one of the lots sought to be sold. It appears that deceased owned two lots in Mountain Ash. On the first was located the dwelling house, consisting of several rooms but which had no garden. The second was purchased from L. C. Lay in the year 1918 at the price of $500.00. It consisted of several acres suitable for gardening and truck patches, it appearing from the evidence that the dwelling was used as a boarding house, and that the latter lot was necessary for its economical use. There was a cash payment of $150.00 and a note given for $350.00 as a deferred payment on the purchase of this land.

T. C. Lay was a miner, and the evidence indicates that he had been in delicate health for some time prior to his death and depended largely upon his wife, a stout, robust and industrious woman who kept boarders, raised vegetables for sale, and was in a way thrifty and economical. L. C. Lay testifies positively that his mother paid the $350.00 deferred payment and she has shown by several that she made and had money. We think this uncontradicted evidence is sufficient to support the findings of the chancellor.

As to the claim of L. C. Lay it is shown that he was sick in a hospital at the time of his stepfather's death and that his mother looked after the burial of the latter and that in so doing she incurred the burial expense of $100.00; that the brothers and sisters of the deceased failed to pay this bill, and that after his recovery and at the urgent insistence of his mother, who was greatly distressed about it, he paid the bill and took a receipt therefor.

In doing this we cannot say that he acted as a volunteer. It has always been recognized as one of the first duties of the living to see that the dead are properly interred. The care and religious solemnity with which such obsequies were attended in ancient times are a mat-

ter of history.   The Roman law made the cost of burial a charge against the heirs if not otherwise paid, and under the common law it has always been recognized to be just and proper for the expense of decent interment to be paid out of the estate of the decedent when he left property sufficient for that purpose.   (8 R. C. L., pages 688-90).

Under our statute a burial bill is made a preferred claim against the estate.   Naturally a moral, if not a legal obligation rested upon the widow to see that such interment was had, and when in the absence of a personal representative she did this, there can be no doubt that the estate became liable to her or to the one with whom she contracted for the reasonable expense of such burial.   In view of the relationship existing between the parties we can see no reason why her son at her request should not pay this bill, take an assignment thereof and be subrogated to her rights therein.   As it is not intimated that the prices charged were unreasonable the chancellor did not err in so holding.

Complaint is made that there was no verification or demand made upon the claims allowed as required by sec. 3870-72, Ky. Statutes.    This being a suit against the heirs no demand was necessary.   Hill's Admr. v. Grizzard, 133 Ky. 818.   Nor was it necessary for L. C. Lay to make verification thereof as section 3870, Ky. Statutes, applies only to obligations that were created by the decedent and not to those created by a personal representative or persons acting in his stead.   Berry v. Gratty, 1 Met. 553; Crenshaw v. Duff, 113 Ky. 912.

However, as to the claim of Mary Jane Lay which was created by the decedent, verification is necessary, and while not a prerequisite to filing suit it is essential for the conscience of claimant to be so purged before judgment is entered.   Hill's Admr. v. Grizzard, *supra;* Ishom v. Holcomb, 110 S. W. 249; Albertson v. Prewitt, 49 S. W. 196.

This was in form a suit to settle the estate but in substance and reality an action to recover on two contested claims and the services performed by the attorneys were for the benefit of their clients alone.   We cannot distinguish between it and the same character of action if brought in favor of a single client.   Under such circumstances we do not think the attorneys' fee should have been allowed.   Dougherty v. Cumming, 20 R. 1948,

50 S. W. 551; Hall v. Metcalf, 114 Ky. 886; Holburn v. Pfanmiller's Admr., 114 Ky. 831.

For the reasons indicated the judgment is reversed and remanded for proceedings in conformity with this opinion.