## Allen, et al. v. Smith, et al.

(Decided March 27, 1925.)

## Appeal from Bourbon Circuit Court.

1. Executors and Administrators—Complaint Held Not to Show Rendition of "Extraordinary Services" by Plaintiffs to Deceased Relative.—Complaint, in action to recover for services rendered deceased relative, held not to show rendition of "extraordinary services," which is defined, when applied to care and attention of an old and infirm person, to be such services as are unusual, extra, or above those generally required or to be anticipated in usual course of things, and does not include such services as are rendered to an old and feeble person, even though sick, which are not different from those usually required by such persons in similar circumstances.

2. Executors and Administrators—Sister Held Not Entitled to Recover for Ordinary Services Rendered Deceased Brother.—Sister was not entitled to recover for ordinary services rendered her deceased brother in absence of an express contract, where, after death of her husband and while her two children were infants, he moved into her home and managed and cared for her farm and took care of her and her infant children, devoting both his time and efforts to that purpose.

3. Executors and Administrators—Nursing and Caring for a Member of a Family Not an "Extraordinary Service."—Nursing and caring for a member of a family is not an "extraordinary service."

4. Executors and Administrators—Plaintiffs Not Entitled to Recover of Administrator Unless Services Rendered Deceased Relative were Extraordinary.—Plaintiffs were not entitled to recover of administrator for services rendered deceased relative unless for five years next before his death, and while he resided with them, he was in such feeble condition of mind and body, or either, so that he required and received from them extraordinary services in nursing and caring for him.

5. Executors and Administrators—Plaintiffs Entitled to Reasonable Compensation for Extraordinary Services Rendered Deceased Relative.—Plaintiffs who rendered services to deceased relative were entitled to reasonable compensation for extraordinary services only rendered deceased while he resided with them, not to exceed $500.00 per annum, to be credited with agreed rental value of lands of decedent used by her.

J. W. CAMMACK for appellants.

TALBOTT & WHITLEY for appellees.

Opinion of the Court by Judge Sampson—Reversing.,

Appellee Smith and her son Herbert instituted this action for a settlement of the estate of John Allen, deceased, and to recover $2,500.00 for "extraordinary services" rendered him during the last five years of his life. A verdict was returned and judgment entered thereon awarding appellees $2,500.00 subject to a credit of $375.00 for the use of the lands of the deceased. From that judgment this appeal is prosecuted by the administrator of Allen.

In form the original petition was one for a settlement of the estate of Allen. It sought the sale of his farming lands, alleged to be worth $3,000.00, for the payment of debts, including the claim of appellee, Smith, for extraordinary services. A general demurrer being filed appellees tendered an amended petition in which it is averred that the deceased was sixty-nine years of age at the time of his death and feeble and blind, and had been in this condition for as much as ten years; that appellees furnished him bedding, board, washing, nursing and looked after him; that he was childish and troublesome to care for and nurse; that appellees furnished him a comfortable home and surroundings; that he was a source of constant care and attention and that they could not leave him alone at the house; that the services rendered were extraordinary. It is nowhere averred that appellees, or either of them, entered into an express contract with the deceased, Allen, to lodge, clothe, nurse and care for him, or any contract. Neither does the petition allege facts showing extraordinary services. According to the record, John Allen when a young man, more than forty-five years before his death, moved into the home of his sister, appellee, Belle Smith, after the death of her husband and while her two children were infants, and managed and cared for her farm and his lands and supported and took care of his sister and her infant children, devoting both his time and efforts to that purpose. For many years they lived as one family for the mutual convenience of all. Appellee was not, therefore, entitled to recover for the ordinary and usual services rendered the deceased, John Allen, in his lifetime, or indeed for anything—there being no express contract averred—except extraordinary services.

While the petition as amended avers that appellees Mrs. Smith, deceased's sister, and Herbert, his nephew, performed extraordinary services, there is no averment as to the specific nature of the extraordinary services performed. The averments that appellee performed extraordinary service is a mere conclusion of the pleader. Nursing and caring for a member of a family are not extraordinary services within the meaning of our rule as expressed in the cases of Armstrong v. Shannon, 177 Ky. 547; Lucius v. Owens, 198 Ky. 117; Bolling v. Bolling, 146 Ky. 316; Bishop v. Newman, 168 Ky. 245, and many other cases there cited. The demurrer, therefore, to the petition as amended should have been sustained and the court erred to the prejudice of appellants in ruling otherwise.

As there must be another trial of the case the court in its instructions to the jury should define with more explicitness the term "extraordinary service." We conceive the expression to mean, as applied to care and attention of an old and infirm person, such services as are unusual, out of the ordinary, extra or above those generally required, expected or to be anticipated in the usual course of things, and the expression "extraordinary service" does not include such services as are rendered to an old and feeble person, even though sick, which are not different from the services usually required by such persons in like situation and under similar circumstances.

The jury should have been told, in substance, to find and return a verdict for the administrator, *de bonis non,* unless it believed from the evidence that John Allen was, for five years next before his death and while he resided with appellees, in such feeble condition of mind and body, or either, as rendered him incapable of caring for himself and he required and received from plaintiffs, or one of them, "extraordinary services" in nursing and caring for him, in which event the jury should find and return a verdict for the plaintiffs, awarding them such sum as will reasonably compensate them for such extraordinary services only, if any, rendered John Allen within the period of five years next before his death, not to exceed $500.00 per annum, for the time such extraordinary services continued, and not to exceed in all five years, or the sum of $2,500.00, to be credited in any event with $325.00, the agreed rental value of the lands of decedent used by appellees. Extraordinary services as used in the instructions should be defined.

Judgment reversed for proceedings consistent with this opinion.