## Kreuzman's Administrator v. Nienaber.

(Decided March 6, 1934.)

ROUSE & PRICE for appellant.
JAS. R. McGARRY for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

Clem Nienaber herein sought to recover of the estate of Joseph Kreuzman, deceased, for "board, food and lodging" furnished from February 14, 1927, to April 16, 1928, alleging he furnished the same to the decedent in pursuance of a contract between him and Kreuzman, whereby the latter agreed to pay therefor $10 a week. Clem Nienaber was a son-in-law of Kreuzman. The answer of the administrator contains a denial and the affirmative allegation that, because of the relationship of the parties, the furnishing of the "board, food and lodging" to the decedent was a gratuity without the intention at the time to charge the father-in-law or he to pay her therefor.

To sustain his cause of action, Nienaber introduced his daughter. She testified that on February 14, 1927, her grandfather came to her father's home and lived until "around April," 1928, or about sixteen months. She claimed she heard Kreuzman remark to her father and mother he was willing to pay them and was going to pay for his stay there. He said he was fed there and was not fed for $15 at her aunt's; her father and mother gave up their bedroom to him and occupied the attic. She claimed she heard him make a similar remark "several times." Her language is: "While he was sitting eating his breakfast, and of course my mother never shunned any of us when it come to eats, he said, I will give you just $15.00, the same as I gave my daughter,

because he said, I sure get eats here, but I never got nothing there for the $15.00;'' this was next morning after he came, while eating his breakfast. The deceased and his daughter, Mary Nienaber, made a visit to Wisconsin, remaining about two weeks, during the period of time covered by the claim of Nienaber. The granddaughter claimed he brought nothing to the home of her father other than his wearing apparel, paid no bills, and furnished nothing from February 14, 1927, to April 16, 1928. Before Kreuzman went to the home of Nienaber and began to reside, he and his adult married son and the latter's wife made their home with another daughter of Kreuzman. When Kreuzman went to the home of Nienaber, he was accompanied by this son and wife, both of whom were deaf mutes. The son paid board and his wife helped do the housekeeping. She was charged nothing for her board and lodging. This daughter of Nienaber claimed that when her mother indicated she desired to collect from the grandfather, the latter always said his money was in the bank. A son of Kreuzman claimed his father, before he went to the home of Nienaber, had made his home with this son, another son, and a son-in-law for forty years. The Kreuzman estate offered to prove by this son, when his father went to the home of the Nienabers, there were sent to the home of the Nienabers for Joseph Kreuzman's use a complete bedroom outfit, Victrola, kitchen outfit, refrigerator, kitchen cabinet, hall carpet, and living and dining room carpets. The court refused to permit the testimony to go to the jury. A daughter of Kreuzman was asked whether the deceased paid for supplies used at the home of the Nienabers during the time he lived with them, but the court refused to permit this testimony to go to the jury. This daughter also offered to testify that her father paid the expenses of Mrs. Nienaber to Wisconsin and return.

Nienaber bases his right to recover on an express contract, and attempted to prove the making of the contract by the decedent on the morning of April 15, 1927. It should be admitted that the evidence adduced to establish the making of the cotnract is scant. It cannot be determined from the statements of the witness upon whose testimony Nienaber relies to show the contract was made, whether the $15 referred to by the witness, was $15 a week or $15 per month. The evidence does not indicate whether the declaration of the decedent

relative thereto was a promise to pay the $15 by the week or the month. It is an inflexible rule in such cases where the relationship of son-in-law existed between the claimant and the deceased, an express contract when relied upon must be established by clear and convincing evidence, and, unless a contract between them is shown by this character of proof, nothing will be allowed. Wise v. Goldsmith's Adm'r, 239 Ky. 819, 40 S. W. (2d) 345; Kellum v. Browning's Adm'r et al., 231 Ky. 308, 21 S. W. (2d) 459, 463; Murphy's Ex'r v. Bryan, 230 Ky. 244, 18 S. W. (2d) 978; Dean's Ex'r v. Griffin et al., 217 Ky. 603, 290 S. W. 483; Jones, Adm'r v. Jones et al., 210 Ky. 38, 275 S. W. 7. A contract to pay therefor will not be implied from the act of the daughter and son-in-law furnishing "board, food and lodging" to the father, and he accepting it at their hands, for in doing so they did the natural thing under the circumstances. As was said in Kellum v. Browning's Adm'r:

> "In establishing a contract by inference, the facts and circumstances must be sufficient to clearly and convincingly manifest or prove a mutual assent of minds to enter into the contract sought to be implied or established."

The testimony of the granddaughter shows the declaration of Kreuzman wherein he expressed a willingness to pay his daughter and son-in-law for his board and lodging, and, while there was no categorical acceptance by them of his proposition, the act of the Nienabers in thereafter calling upon him to pay when he explained his money was in the bank, must be regarded as sufficient evidence to warrant the inference a contract existed, and both parties expected and understood compensation would be made, sufficient to authorize the submission of the case to the jury. The evidence offered by the estate to show the carrying with him of the furnishings of the home and the paying of the expenses to Wisconsin was in its nature contradictory of that offered in behalf of Nienaber, as it tends to show there was no intention on the part of Kreuzman to pay and the Nienabers to charge him for board and lodging. It was competent for the estate to prove the parties sustained toward each other family relations, occupied the home, rendered mutual services, and furnished supplies for their joint use, as such evidence tends to establish there was no contract between the parties as claimed by Nienaber. Taber v. McGregor et al., 192 Ky. 600, 234

S. W. 194. No evidence was offered to show the reasonable and fair customary value of the board and lodging, and, since the evidence failed to show an agreed price a week or per month, the court erred in instructing the jury authorizing it to fix their value at $10 a week. The instructions given are otherwise objectionable, if not confusing.

The court on another trial will instruct the jury in accordance with the instructions approved in Bean's Adm'r v. Bean, 216 Ky. 95, 287 S. W. 239; Galloway's Adm'r v. Galloway, 70 S. W. 48, 24 Ky. Law Rep. 857; Humble v. Humble, 152 Ky. 160, 153 S. W. 249, making the same conform to the issues made by the pleadings and the facts adduced to sustain them.

Judgment is reversed for proceedings consistent with this opinion.