## Powell's Administrator v. Powell et al.

(Decided May 14, 1935).

(As Modified on Denial of Rehearing Dec. 11, 1935).

M. C. ANDERSON for appellant.

HENRY F. TURNER and ED REESOR for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Dismissing as to second named plaintiff and as to first
named plaintiff reversing.

Mrs. Dora Powell, a resident of Ballard county,
Ky., died testate in September, 1931. The first para-
graph of her will directs the payment of testator's
debts and the erection of a stone at her grave. The
second and third paragraphs of the will read:

"Second:—That it is my will that my home in
Bandana, Kentucky and on which I now reside with
A. H. and Sallie Powell, shall go to said A. H. and
and Sallie Powell, as a home for them for a life
time only, and at the death of both of them it shall
revert back to my estate.

"Third:—That all the balance of my property
of whatsoever kind that I may own at the time of
my death, shall be equally divided between three
of my nieces as follows, Mattie Wren, Alder Den-
ny, and Dora Hite, McCracken County, Kentucky."

After the death of her first husband, testatrix
married E. G. Powell, a widower, and they resided in
a home owned by Mrs. Powell in Bandana, Ky., and
received income from other real estate owned by her.
Mrs. Powell had no children, her nearest relatives
at the time of her death, so far as the record discloses,
being nieces and nephews. Mr. Powell had some chil-
dren by a former marriage, one of whom was a son,
A. H. Powell. Some time after the death of E. G. Pow-
ell, A. H. Powell, and his wife, Sallie Powell, who lived
on a farm owned by the latter, moved to the home of
Mrs. Dora Powell. They later returned to their farm,
but for some reason had to sell or give it up and again
moved in with Mrs. Dora Powell. It seems that A. H.
Powell decided that they could do better elsewhere, so
they went to Michigan, where they remained for some
months and later returned to McCracken county and
lived for a while in Paducah with a son and daughter,
and then moved to a farm of a relative, one Mr. Dul-
worth, where they made a crop and milked cows.
According to their evidence, they made between $400
and $500 during the year they were on this farm, and
Mr. Dulworth was anxious that they remain with him
and offered them all they could make, but, as they
claim, Mrs. Dora Powell's health was failing, and at

her insistence they returned to her home and remained with her until her death. Mrs. Sallie Powell made a claim against the estate of Dora Powell for services rendered deceased from September 12, 1926, to September 12, 1931, consisting of washing, ironing, nursing, etc., in the sum of $2,100. This was verified by her own affidavit and that of another, as required by law, and A. H. Powell made claim against the estate for services rendered from September 12, 1929, to September 12, 1931, consisting of waiting upon and nursing decedent, his claim being for $300, and it was likewise proven as required by law.

The administrator with the will annexed refused to pay either of the claims, and thereupon the claimants instituted this action against the administrator with the will annexed and Mrs. Levi Wren and husband, Mrs. J. L. Denny and husband, and Mrs. Luther Hite and husband, alleging that, at the time of her death, decedent was indebted to them in the sums hereinbefore indicated, and also owed other debts; that she left no personal estate except a small amount which had been exhausted in paying debts against the estate, and that there was no personal estate out of which to pay their claims; that decedent owned three parcels of real estate described in the petition, one of which includes the home in which she lived. They asked for a settlement of the estate, and that they recover the sums set out in the petition and their verified claims.

Pursuant to the prayer of the petition the case was referred to the master commissioner to take proof of claims and make a report of his acts. He made a report allowing the claims of the plaintiffs. The administrator with the will annexed filed answer, and in addition to a traverse of the allegations of the petition affirmatively pleaded in subsequent paragraphs that the relations existing between deceased and her stepson, A. H. Powell, and his wife were always exceedingly cordial, that deceased acted toward them as though they were her children, and that they felt and acted toward her as if she were their mother; that decedent owned considerable property, consisting of money and notes, and received an income from the rent of the real estate; that plaintiffs for several years before the death of Dora Powell were without income or means, and for the mutual convenience of all, they came to the home

of decedent and lived there as members of the family, subsisting on her bounty; that such arrangements were made by the parties without expectations on the part of the plaintiffs to receive anything for services which they might render decedent, and without expectation on her part to pay them anything for services which they might render her; that if plaintiffs were due any sum at the time of her death for services rendered decedent, the devise to them of the property under the will was in full payment and satisfaction for any such services and was so intended by deceased; that the value of the property devised to plaintiffs exceeded the value of the services rendered by them, if they in fact rendered any services; that plaintiffs accepted the devise made to them, took possession of the property, and by reason thereof are estopped and barred from setting up claim or to demand any sum whatsoever from the estate in excess of the property devised to and accepted by them. He asked that his answer be treated as an exception to the commissioner's report in allowing plaintiffs' claims, and that the petition be dismissed and the commissioner's report set aside. The issues were completed by reply traversing the affirmative allegations of the answer.

Trial before a jury resulted in a verdict in favor of Sallie Powell for the sum of $600 and a verdict in favor of A. H. Powell in the sum of $150, and from judgments in conformity with the verdicts, the defendants are appealing. As respects the judgment in favor of A. H. Powell, the amount in controversy is not sufficient to give the court jurisdiction, therefore the appeal as to him cannot be considered, but must be dismissed. Kentucky Statutes, secs. 950-1 and 950-3.

It is first argued by counsel for appellant that the action is based either upon an express contract or an implied contract, and if on an express contract, it must fail, because the evidence shows that the parties occupied toward each other a family or domestic relationship and lived together as a matter of mutual convenience, and in such circumstances the law will not imply a contract in favor of one for compensation for services rendered to another. Incident to a discussion of these grounds, counsel raise a question as to the sufficiency of the petition which is not entirely without merit; however, in the case of Kellum v. Browning's

Adm'r, 231 Ky. 308, 21 S. W. (2d) 459, it is held that where no election has been required as between the allegations of an implied contract and an express contract, the claimants may rely upon both or either contract they may have sustained. Since the judgment must be reversed on other grounds, either party may, if they desire, reform their pleadings.

The evidence shows that at all times while appellees lived with decedent, except the last year of her life, she was active and in unusually good health for one of her age. She spent a great deal of her time visiting in the homes of relatives. She permitted Mrs. Powell to take boarders, and, until stricken with the malady that caused her death she was not only able to take care of herself, but assisted in the housework. It is admitted that decedent and Mrs. Powell were very devoted to each other, and that the latter was always kind, considerate, and attentive to the former. Something more than a year before her death an enlargement appeared upon the face of decedent, and this developed into a malignant, cancerous growth. Without going into detail, it may be said that for months decedent required constant care and attention, and her face required frequent bathing and dressing. There was a constant suppuration and sluffing attended by sickening and offensive odors. Clothing and bed clothing had to be changed often, necessitating an unusual amount of washing and ironing. A nurse was procured to attend decedent for several weeks before her death, but Sallie Powell assisted the nurse in caring for decedent, and would have to be with her when the nurse was relieved from duty. There is evidence of expressions of gratitude on the part of decedent for what plaintiffs had done for her and indications that she would reward them for all their kindness and attention to her. Without particularizing as to the amounts fixed by various witnesses, it may be said that there is ample evidence concerning the value of the services rendered by plaintiffs. Except as to the duration of decedent's illness, this case is very similar in all aspects to the case of Humble et al. v. Humble et al., 152 Ky. 160, 153 S. W. 249, 251. In that case the claimant had for a long period of time waited on decedent, who was afflicted with a loathsome and offensive disease. After a recital of the extraordinary and menial services rendered, the opinion in part said:

"Appellants contend that Mr. Humble's claim is not established by sufficient proof, and that the verdict of the jury is excessive. Upon the first point, appellants insist that the facts of this case bring it within that line of cases holding that where the relationship of the parties is such as to raise the presumption that they lived together as a matter of mutual convenience, the law will not imply a promise to pay for services rendered by one to the other; but on the contrary, an express contract must be proved, or it must be shown that, at the time the service was rendered both parties intended and expected that the service was to be paid for, and in such cases stricter proof is required than in other cases. [Cited cases.] It may be conceded that for ordinary personal services, or for extraordinary services rendered in an emergency and for a brief period of time, under the circumstances indicated, the rule above quoted applies; and, following this rule, we have frequently held that expressions on the part of the person receiving the services, to the effect that the person serving was a good person and ought to be paid, are to be considered mere expressions of gratitude rather than as evidence of a contract or intention to pay. [Cited cases.] This court has recognized a distinction between ordinary services performed by the wife of the son of an intestate and services of an extraordinary and menial kind. [Cited cases.] As to the latter services covering a long period of years, there is no presumption that they are a gratuity; and it is not necessary to prove an express contract by stricter proof than is required in other cases. Here the intestate was confined to his bed for several years. * * * For such extraordinary and menial services as appellee performed, we think the proof is sufficient to show that they were performed with the expectation both on her part and on the part of the intestate that she should be paid therefor."

The foregoing excerpts are so directly in point that we adopt them as our conclusions in this case. The evidence, to our mind, discloses that appellees and decedent lived together as a matter of mutual convenience, and in such circumstances appellees could only recover for extraordinary and menial services they

performed for decedent. The evidence further discloses that such services were only performed during the last year of decedent's life, and recovery should be confined to such services rendered during that period.

The insistence of counsel that the court erred in overruling the motion that exceptions to the commissioner's report be taken as true and confessed cannot be sustained.

It is further argued that if appellees were entitled to recovery on their claim, the property devised to them should be subject, in the proportion that it bears to the entire estate, to the payment of testator's indebtedness, including the sums recovered by appellees; or, in other words, that appellants are entitled to contribution under our statutes, Ky. Stats., secs. 2073 to 2077, inclusive, and they cite and rely on the case of Dorn v. Fidelity & Columbia Trust Co., 204 Ky. 211, 263 S. W. 681. The will, after providing for payment of testator's debts and the erection of a marker at her grave, makes a specific devise to appellees, in that it gives to them a part of testator's real estate identified and differentiated from all other parts. 28 R. C. L. 291. By a third paragraph it gives to the three nieces all the remainder of the testator's estate or the residue of the property not theretofore specifically disposed of by the will and after the payment of debts and the costs of the marker for testator's grave. They are, therefore, residuary legatees or devisees under the will. 28 R. C. L. 297.

In Treasy v. Treasy, 36 **S. W. 3, 4,** 18 Ky. Law Rep. 387, it is said:

"The general rule is that a specific devisee takes the particular thing given him, while the residuary legatee takes only such part as remains."

A "residuary legatee," under the provisions of section 2075, Ky. Stats., is not entitled to contribution. Although testator's estate is liable for her debts and the costs of the marker even to the extent of exhaustion, it is our conclusion that appellees should not be required to make contribution; nor should the estate specifically devised to them under the will or any part there-

of be subjected to the payment of the testator's debts unless the residue of the estate is insufficient to pay the indebtedness.

The further contention that the devise to appellees will be presumed to be in satisfaction of their claims against the testator, and that they cannot take under the will and then assail it by asserting such claim against the estate, appears to have been determined adversely to such contention in McMillan v. Massie's Ex'r, 233 Ky. 808, 27 S. W. (2d) 416.

Since other grounds argued for reversal will not likely occur again in the event of another trial, we deem it unnecessary to give them consideration.

For the reasons indicated, the appeal as to A. H. Powell, is dismissed; but as to appellee Sallie Powell, the judgment is reversed, and cause remanded for proceedings in conformity with this opinion.