# Gresham v. Stacy et al.

June 20, 1941.

Clarence Miller and M. C. Redwine for appellant.
John W. Walker for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

At the time Elizabeth Stacy executed the deed, the validity of which is the subject of this litigation, she was ninety-nine years of age, bed-ridden because of a broken hip suffered years previously, paralyzed in her right arm, deaf, and suffering from a facial cancer. The deed conveyed all of her real estate, consisting of approximately 345 acres of land and worth in excess of $12,000, to the appellant, her widowed daughter, who, during the preceding seven and a half years had resided in her home, at her request, and faithfully rendered all

of the arduous services which her helpless condition demanded. The appellees James Stacy and Mathilda Barnes are the only other living children of Elizabeth Stacy, and the appellees Bessie Tucker and Mary Bain Stacy are daughters of deceased children. The deed was executed on July 21, 1937, and Mrs. Stacy died on July 19, 1938. On July 26, 1938, this action was instituted by the appellees charging that Mrs. Stacy lacked mental capacity sufficient to execute the deed, and that its execution had been procured by appellant by the practice of fraud. Appellees also sought an accounting for timber sold and oil royalties collected, but conceded that appellant was entitled to compensation for her services in nursing and caring for her mother. By an amended petition, appellees withdrew the allegation that appellant was entitled to compensation, and, after the issues had been completed, proceeded to take the depositions of three physicians, none of whom had ever treated or observed Mrs. Stacy, so far as the record discloses, but who testified in answer to hypothetical questions based upon Mrs. Stacy's infirmities and alleged actions, that, in their opinion, she did not possess sufficient mental capacity to execute the deed in question. No physician who had treated Mrs. Stacy was introduced by either party, and, aside from the incompetent testimony given by James Stacy as to conversations and transactions with his mother, there was very little evidence substantiating the charges contained in the petition. No direct instance of undue influence was shown, and the testimony indicating lack of mental capacity was of little probative value.

If the burden of proving every allegation of the petition had rested upon the appellees, we would be constrained to hold that they had not met it, and reverse the Chancellor's decree cancelling the conveyance. But the deed purported to have been executed in consideration of $1 and ''the love and affection which the party of the first part has for the party of the second part and for her untiring care of the party of the first part during her many years of illness and helplessness,'' and when Mrs. Stacy's physical infirmities, extreme age, and utter dependence upon the daughter who resided with her were made to appear, it became incumbent upon that daughter to establish the fairness of the transaction, as well as the ability of her mother to fully comprehend its impli-

cations at the time she consummated it. Moore's Adm'r v. Edwards, 248 Ky. 517, 58 S. W. (2d) 915, and authorities there cited.

Numerous witnesses testified to transactions with Mrs. Stacy which convinced them that she was possessed of ample mental capacity, but no testimony whatsoever as to the circumstances under which the deed was executed was introduced. Neither the lawyer who wrote it nor the notary who witnessed Mrs. Stacy's mark and took her acknowledgment testified, and their failure to do so is not explained. It is true that appellant rendered her mother the most onerous services, and were we to measure her right to the property by contrasting her devotion with that displayed by the appellees there would be little doubt as to the result. But such is not the measure prescribed by the tried and proven rules of law designed for the protection of the aged and infirm and those who have legitimate claims upon them. The test is not the worthiness of the recipient but the clarity of intent and freedom of will of the donor. Originally Mrs. Stacy had intended that her children should share her property equally, which fact is established by her will executed in 1924. A will executed by her ten days before her death bequeathing all of her estate to appellant was nullified by the verdict of a jury on appeal from the order admitting it to probate. Appellant, a widow, and apparently pennyless, took up her abode with her mother in February 1931. Some six months later her mother broke her hip. In view of these and other circumstances touched upon, we cannot say that the Chancellor's decision nullifying the deed was erroneous. In fact, it was rendered inevitable by the failure of appellant to meet the burden of proof which the admitted facts cast upon her.

There is no merit in the appellant's contention that the petition was rendered demurrable by the withdrawal of the statement that the defendant was entitled to compensation for her services, and that the plaintiffs were willing that she should receive it in the settlement of the estate. The rule requiring restoration of the consideration for the execution of a deed sought to be cancelled has reference only to monetary or tangible considerations. Moreover, appellant is not precluded from recovering from the estate any compensation to which she may show herself entitled.

Since we have not predicated our decision upon any portion of the incompetent testimony with which the record abounds, it is unnecessary to pass upon the correctness of the Chancellor's ruling on the exceptions thereto.

Judgment affirmed.