## Gresham v. Stacy et al.

March 6, 1945.

Marcus Redwine for appellant.

John W. Walker for appellees.

Opinion of the Court by Judge Harris—Affirming.

This is the fourth time some phase of this litigation to settle the estate of Elizabeth Stacy, deceased, has been in this court. See Gresham v. Stacy, 287 Ky. 114 and 321, 152 S. W. 2d 290 and 960; and Stacy's Adm'r et al. v. Stacy et al., 296 Ky. 619, 178 S. W. 2d 42.

The judgment from which the last appeal was prosecuted (296 Ky. 619, 178 S. W. 2d 42) awarded the appellant in the present appeal, Mrs. Gresham, $2,217 for personal services, $486 for board furnished the deceased, and $518.13 on account of taxes which she had paid. This court affirmed that judgment as to the $2,217 and the $518.13 items, and reversed it as to the $486 item and as to certain other matters not necessary to be noted here. Upon a return of the case to the lower court, Mrs. Gresham moved that the judgment which was being entered in conformity with our opinion should award her interest. The lower court denied her motion and the judgment as finally entered made no reference to interest. Hence the present appeal.

In her pleading Mrs. Gresham prayed for all proper relief but did not pray specifically for interest. Under that prayer, had she raised the question seasonably, she would have been entitled to interest on the tax item, which was a liquidated claim, as of the date of the filing of her pleading, and on the item for personal services, which was an unliquidated claim, as of the date of the former judgment. See Tapp v. Tapp's Trustee, 185 S. W. 2d 534. Unfortunately for the appellant, however, under the law of the case rule the opinion on the former appeal settled all points belonging to the subject of the litigation, which Mrs. Gresham in the exercise of a reasonable diligence might have brought forward. Her failure to raise the question of interest on that appeal precludes us from considering the matter at this late date without doing violence to a long and well established rule. See Mason v. Mason, 5 Bush 187, 68 Ky. 187; McAllister's Adm'r v. Commonwealth, 4 Ky. Op. 178; Ross v. Rees, 53 S. W. 271, 21 Ky. Law Rep. 856; Ben Williamson & Co. v. Hall et al., 290 Ky. 672, 161 S. W. 2d 905; Blanton et al. v. Wilson, 234 Ky. 637, 28 S. W. 2d 970; Correll et al. v. People's Bank of Science Hill, 246 Ky. 356, 55 S. W. 2d 8.

A consideration of the other questions presented is unnecessary.

Judgment affirmed.