## Corbin Coal Co. et al. v. Hart.

Nov. 20, 1945.

William Lewis & Son and Murray L. Brown for appellants.

C. R. Luker and T. F. Young for appellee.

OPINION OF THE COURT BY JUDGE DAWSON—Affirming.

Prior to October 9, 1941, the appellants Otis German, Robert German, A. H. Slusser, and one C. R. King, associated themselves for the purpose of prospecting, locating, acquiring and developing coal properties in Laurel County. Slusser contacted the appellee Hart and engaged him to do the prospecting. It was agreed that appellee would locate, prospect and acquire options on such property and that the others would furnish the

purchase price. If such property was acquired appellee was to receive for his services a one-fourth interest therein.

Pursuant to that arrangement appellee secured an option on a farm for the sum of Five Thousand Dollars. This farm was owned by an uncle of appellee, David Hodge.

After this option was acquired the group suggested to Hart that a corporation be formed for the purpose of taking title to the property and conducting a mining operation thereon. They suggested to Hart that they put up Three Thousand Dollars, that he put up One Thousand Dollars, and that he take 25% of the capital stock of the company. This Hart refused to do and insisted that the others carry out their agreement with him. As a result of this, and on October 9, 1941, the following contract was entered into by the parties:

"I, Samson Hart, for the consideration hereinafter set forth, hereby assign and transfer to the Corbin Coal Co., Otis C. German, Robert O. German, A. H. Slusser, and C. R. King, all the right title and interest that I might have, or have by reason of a writing termed 'An option to purchase,' dated September 24, 1941, and signed by David Hodge and wife, Sally Hodge; and for the said consideration I release David Hodge and his wife, Sally Hodge, from any liability whatever to me by reason of my name being in the said writing.

"The consideration for which I make this release and assignment is that The Corbin Coal Co., Otis C. German, Robert O. German, A. H. Slusser and C. R. King agree and bind themselves, their heirs and successors or assigns, to convey to me by proper deed all of the land that it is contemplated by the aforesaid writing is to be conveyed to them by David Hodge and wife, but the said deed will not be made until The Corbin Coal Company ceases operating coal mines or the mining and removing of coal from the said David Hodge farm in Laurel County, Kentucky; and as a further consideration the said The Corbin Coal Company, Otis German, Robert O. German, A. H. Slusser and C. R. King agree and bind themselves, their heirs and assigns, to pay to Samson Hart one-half (½) cents for each and every ton of coal mined and removed from the land conveyed to them by David Hodge and his wife, said payments to be made to Sam-

son Hart on the 1st day of each Calendar month for the coal mined and removed therefrom during the previous month.

"This contract is executed in duplicate, this Oct. 9, 1941.

"Samson Hart  The Corbin Coal Co.,
       "By Otis German, Pres.
       "Otis German
       "A. H. Slusser
       "Robert German."

Pursuant to this agreement David Hodge and his wife executed and delivered a deed to the Corbin Coal Company (which was the name of the corporation organized by the group) conveying to it the property on which the option had been given.

Thereupon the coal company proceeded to mine the property, placing on the premises considerable mining machinery and equipment. The mine was operated for some eleven months, but in the latter part of October 1942, the operation was discontinued.

It is contended by the appellants that this discontinuance of the mining operation was only temporary and that the suspension was due to the fact that the United States Government had confiscated one of the larger shovels which was necessary to the operation. The evidence for appellee is to the effect that most, if not all, of the mining equipment was removed from the property and that Otis German, the president of the coal company, told appellee and various other persons that the company would mine no more coal on this property. For almost a year no effort was made to mine coal.

Appellee, believing that the mining operation had been abandoned and that under the terms of his contract he was entitled to a deed to the property, insisted that the deed be executed and delivered. About this time the appellant Osborne began mining and stripping coal from the property, claiming a right to do so under an alleged lease from the Corbin Coal Company.

The appellee, believing that he was entitled to a deed to the property, filed this action to compel the execution of such a deed, and also asked that the Osborne lease be cancelled. The issues were made up and

proof was taken by depositions. Upon submission to the court a judgment was entered requiring the appellants to convey the Hodge farm to Hart, and directing that the Osborne lease be cancelled.

Appellants' chief argument for a reversal of this judgment is that the evidence does not support it. A careful reading of all the evidence convinces us that it does and that the finding of the chancellor is correct.

The only other contention of the appellants is that the court erred in overruling exceptions which were filed to portions of the depositions.

In reaching our decision we have not been required to consider any of the incompetent evidence to which exceptions were filed, and it is therefore unnecessary for us to pass upon the chancellor's rulings on the exceptions. There is ample proof to support the judgment without considering any of the evidence which is claimed to be incompetent. See Stacy's Adm'r et al. v. Stacy et al., 296 Ky. 619, 178 S. W. 2d 42.

The judgment is affirmed.