**Arnold BENNETT et al., Appellants,**

**v.**

**Joe P. BENNETT and Cora Bennett, Appellees.**

Court of Appeals of Kentucky.

March 3, 1972.

Hollis E. Edmonds, Russell Springs, for appellants.

Leonard E. Wilson, Robert L. Wilson, Wilson & Wilson, Jamestown, for appellees.

REED, Judge.

The surviving children of M. O. Bennett are now locked in controversy concerning the correct value of his estate at the time of his death. In January 1966 Bennett executed a will by the provisions of which he left his entire estate to his son, Joe P. Bennett. M. O. Bennett died in November 1968. The decedent's other children successfully contested the probate of this document. We were unable to find reversible error when Joe P. Bennett appealed the judgment based on a jury verdict which found that the instrument was not the true last will of M. O. Bennett. We affirmed the judgment. See Bennett v. Bennett et al., Ky., 455 S.W.2d 580 (1970).

Joe P. Bennett, the named executor in the invalidated will, filed a settlement of his accounts in the county court and turned

over assets of the admitted value of $21,-159.37 to his brother Arnold Bennett, one of the successful contestants of the will, who had been appointed administrator of the estate as a result of the judgment in the contest action.

Arnold Bennett and the other successful will contestants then filed a new suit against Joe P. Bennett in which they claimed that the former executor had failed to turn over to the new administrator assets of M. O. Bennett's estate, which were of the alleged value of $27,585.81.

Joe P. Bennett, in his answer to the administrator's complaint, stated in somewhat alternative fashion that: (a) some of the assets specified in the complaint were and had always been the property of Joe Bennett; (b) the assets had been transferred to Joe Bennett as payment for personal services; (c) some of the assets had been transferred by the decedent to Joe Bennett for the payment of a debt; (d) all of the assets had been transferred by the decedent for the benefit of Joe Bennett as compensation for personal services consisting of caring for the decedent and providing him with a home from November 1965 until November 1968 when M. O. Bennett died.

Another jury trial was held which resulted this time in a verdict in favor of Joe Bennett. Judgment was entered in accordance therewith that Arnold Bennett take nothing by virtue of his complaint. This appeal is from that judgment. We affirm.

■ The first assertion of error is that the administrator's motion for summary judgment should have been sustained. This motion was filed after Joe Bennett's answer and was addressed exclusively to the pleadings. No evidentiary matter was filed or considered at the time of disposition. Thus, the only issue before the trial court was the legal sufficiency of the defenses stated in the answer in the light of the adverse pleading, since the motion

though denominated "for summary judgment" was the functional equivalent of a motion for judgment on the pleadings under CR 12.03. If such motion is made by the plaintiff, it should not be granted if any defense is sufficient. Clay, Ky.Prac., Rules of Civ.Proc.Ann., Rule 12.03, page 203. On the face of the pleadings, Joe P. Bennett's answer pleaded a sufficient defense, if for no other reason, when it alleged that some of the property specified in the complaint had always belonged to him. If one or more of the other defenses stated in the answer were insufficient, the proper course to reach those issues on the pleadings would have been a motion to strike the insufficient defenses under CR 12.06, but no such motion was made. Therefore, the only proper course for the trial court was to overrule the motion "for summary judgment."

■ The basic thrust of the administrator's appeal rests upon a fallacy. It is urged that the judgment in the will contest action operated to prevent litigation of the issues in the instant action. The doctrine of res judicata is inapplicable because there is no identity of causes of action. Cf. Stacy's Adm'r v. Stacy, 296 Ky. 619, 178 S.W.2d 42 (1944). It is argued, however, that the will contest action determined that an express contract, evidenced by the recitation in the will: "for and in consideration of my son, Joe P. Bennett, providing me with a home and the necessary treatment required," was invalid. It would appear that this argument advocates the proposition that the principle of collateral estoppel by judgment prevents Joe Bennett from litigating the validity of completed transactions. The principal issue litigated between the parties in the will contest was that the will of M. O. Bennett was invalid and could not operate to transfer whatever estate over which he had the power of disposition at the time of his death. A necessary factual determination was that, in January of 1966, M. O. Bennett either did not have sufficient mental capacity to make a will or the will he did make was the result of undue influence. In the in-

stant action, Joe P. Bennett does not seek to enforce payment under a contract unperformed at the time of his father's death.

According to the evidence, sometime after the execution of the will, M. O. Bennett paid the full purchase price for a savings certificate in the amount of $13,000, but directed that the certificate be issued in the joint names of "Joe P. Bennett and M. O. Bennett." Joe P. Bennett paid $6,500 to the administrator. There was also a controversy about some farm machinery, a bull, and a horse. Joe Bennett testified that some of this property he had bought and paid for and that it belonged to him. Some of the other farm machinery had been purchased by him and the balance owing after a credit for the trade-in value of Joe's equipment had been paid by his father. Joe P. Bennett purchased a sixty-acre farm for $16,500. His father paid the purchase price to the sellers. M. O. Bennett lived with his son, Joe, for the three years next before his death and during this time Joe and his wife provided him with a home and substantially all of his personal care. There was also evidence that Joe P. Bennett had furnished other services to his father by working on his father's farm and by repairing houses that had belonged to his father. There also was evidence from neighbors and friends that M. O. Bennett's condition of mind and ability to transact business were satisfactory during the last three years of his life when he purchased the property for his son, Joe.

■ The evidence in every case is different in a more or less degree and must be assessed accordingly. In Moore's Adm'r v. Edwards, 248 Ky. 517, 58 S.W.2d 915 (1932), we discussed the problem in cases of the type presented by the instant case. Therein we pointed out that in prior decisions we had sustained conveyances to members of the grantor's family, where the consideration for the conveyance was past and future support. If the evidence introduced in behalf of Joe P. Bennett is believed, the case of Parsley v. Parsley, 233 Ky. 42, 24 S.W.2d 931 (1930), squarely sustains the validity of the transfers made by M. O. Bennett for the benefit of his son, Joe. The transactions were completed at the time of death; the transactions involved third parties (the sellers of the farm, the dealer in farm machinery, and the issuer of the savings certificate) with no suggestion of conspiracy between any of them and Joe Bennett; the claimed consideration of care and services was provided. The total evidence introduced by both sides to the dispute created a jury issue.

The jury found specifically under a particular instruction that correctly submitted the factual issues to be resolved. Technical errors in other instructions, under which the jury did not find, were of no consequence and are deemed nonprejudicial. The tendered instruction on failure of consideration was correctly refused because there was no support for it in the evidence.

As in the former appeal, we are unable to discern a prejudicial error that would authorize us to disturb the jury's finding.

The judgment is affirmed.

All concur.