## Dick, et al. v. Jasper, et al.

(Decided June 23, 1922.)

### Appeal from Pulaski Circuit Court.

1. Lis Pendens—Notice of Pendency of Action.—Where land is conveyed by the father to three of his sons without making provision for six other children, and this deed is recorded in the proper office many years before the death of the father, and after his death a suit to settle his estate was instituted by his administrator, in which suit by agreement the said deed to the three said sons was set aside, canceled and held for naught, the purchaser of the land at a subsequent decretal sale can not complain that there was no lis pendens notice filed in the office of the clerk of the county court, showing that the lands had been adjudged the property of all the heirs, when there were facts and circumstances reasonably sufficient to put a prudent person on inquiry as to the character

of title held by the party from whom the land was sold under judgment of court.

2.   Lis Pendens—Notice.—A lis pendens notice is not required where there are other facts sufficient to put the purchaser upon notice.

VIRGIL P. SMITH for appellants.

E. T. WESLEY for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Previous to the year 1893 Joshua Dick became the owner of a tract of land in Pulaski county. He was the father of nine children. In 1893 by deed he conveyed the land to three of his sons, namely: Alexander, J. W. and William Dick, and this deed was duly recorded in the office of the clerk of the Pulaski court. After the death of Joshua Dick his administrator brought a suit to settle his estate. During the pendency of this action the six children to whom he did not deed any land raised the question of the validity of the deed to their three brothers and were threatening to institute an action to set it aside whereupon by agreement of all the heirs the deed was, by judgment in said settlement suit, cancelled, set aside and held for naught, thus giving to all the children an equal share in said lands. Judgment was entered in accordance with this agreement. Some time thereafter Rena Dick, a daughter having two children, died intestate. Some months after the death of Rena the other heirs sold the land to one Adams and undertook to convey the same to him by general warranty deed. The infant children of Rena did not join in the deed. Adams mortgaged the land to Carr but the debt being unpaid Carr brought suit to foreclose his lien and to sell the land to pay the debt. Judgment was entered according to the prayer of the petition and the land sold, at which sale appellee Jasper became the purchaser.

Some time after appellee Jasper acquired and took possession of the land, the children of Rena brought this action alleging that Jasper was the owner of eight-ninths of the tract of land and that they, the infants, were the owners of one-ninth thereof, and prayed that the said land be divided in kind or sold and the proceeds divided according to the rights of the parties.

Under the facts above stated, the only question presented, as stated by counsel on both sides, is, whether appellant Jasper as purchaser of the land took the same free from the claim of the infant children of Rena, who

owned a one-ninth interest therein, by reason of the fact that there was no *lis pendens* notice filed in the action for the settlement of the estate of the senior Dick.

We do not find in the books any case exactly on all fours with the one under consideration but we find many cases somewhat analogous with the one we have here. The words *lis pendens* simply mean a suit pending, and *lis pendens* notice, such as provided for under section 2358a-1, Kentucky Statutes, means notice of the pending suit. Under the said section of the statutes it is unnecessary that the purchaser of real property about which litigation is pending should have actual notice of the suit, but if the notice, as provided in that section of the statutes, be properly made out and filed with the clerk of the county court the purchaser is presumed to have notice of the pendency of the action and is bound thereby as though he had actual notice thereof. In such case the purchaser takes subject to the litigation. If his vendor loses in the suit he gets nothing, but if he wins the purchaser takes the results.

In the case under consideration the suit to settle the estate of the father had been determined some months before the land in question, by transfer, came to appellee Jasper. The judgment was regularly recorded in the proper office of his county, but there was no *lis pendens* filed in the office of the clerk of the Pulaski county court. Appellee Jasper says he went to the office of the county court clerk and examined the records for the purpose of learning whether there were any liens or claims against the property before he purchased at decretal sale, but he found no *lis pendens* notice, and therefore concluded that there was no claim against the land.

If Jasper and his predecessor in title, Adams, knew facts at the time of the purchase which were reasonably sufficient to put an ordinarily prudent man on inquiry as to the title of the heirs from whom he was buying and he neglected to make reasonable inquiry to ascertain the facts, he was guilty of such negligence as would bar his rights to defeat the claim of the infants to the one-ninth interest in the land, although the heirs, including the parent of the infants, had neglected to file *lis pendens* notice in the office of the clerk of the Pulaski county court as provided by section No. 2358a-1, Kentucky Statutes. In the case of Daniel v. Holtsclaw, 160 Ky. 525, we said:

"Undoubtedly appellant brings himself within the provisions of the statute, unless in some other way he had

notice of the claim of Holtsclaw and took the deed from his brother notwithstanding. Under the law in our state a real estate purchaser must take notice of the record and of persons in possession. The *lis pendens* statute was not intended to restrict inquiry to the record only. Neither was it intended to repeal the champerty statutes.''

It is admitted by Jasper and those under whom he claims title that while they found of record a deed from Joshua Dick to his three sons named above, and these three persons appeared to be the holders of the legal title to the land, Adams accepted a deed signed not only by said three sons but by five other children of said Dick. If said five other heirs owned no interest in the tract, why did they sign the deed? This question should have excited the interest of Adams, and he was bound to have believed that there was some good reason for such signing, and such a circumstance was sufficient, it appears, to have put any reasonably prudent person upon inquiry as to why said five heirs signed said deed, and to find out whether there were other heirs of Joshua Dick who had not signed said deed and the reason for not doing so.

At the sale at which Jasper became the purchaser the rule of *caveat emptor* applied with its usual force. He was bound to look out and to exercise care to see that the debtor from whom the land was being sold had perfect title. The mere fact that eight children signed the deed did not relieve Jasper from inquiry as to whether all of the children of Dick, Sr., had signed the deed. Suppose only one of them had signed the deed when there were nine, could it be contended that Jasper was not obliged to live up to the rule of *caveat emptor* and beware?

For the reasons indicated the judgment is reversed for proceedings consistent with this opinion.

Judgment reversed. Whole court sitting, Judge Clay dissenting.