## Ben Williamson & Co. v. Hall et al.

May 1, 1942.

R. D. Davis for appellant.

J. W. Howard for appellee Alice Hall.

J. F. Stewart for appellee Ida Thompson.

Joseph D. Harkins for appellees Arminda Hall and others.

Marion and Bell Hall, not represented.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming.

W. R. Hall died intestate May 13, 1932, survived by a widow, Alice Hall, three children by his former marriage, and four children of a deceased child. Mrs. Hall had no children. Her step-children obtained from Mrs. Hall a deed and contracts whereby she, without consideration, delivered to them practically all of her interest in the estate of her husband, as well as certain real estate she jointly owned with him.

In a suit brought by the heirs to partition the lands of the decedent, Mrs. Hall filed an intervening petition on Oct. 24, 1932, asking that the deed and contracts she made with the heirs be cancelled; that she recover her undivided interest in certain lands owned jointly with her husband; that she be allotted dower in the lands of deceased and be given her statutory interest in his personal property, including the rents, issues and profits therefrom; and that the heirs and administrator be enjoined from disposing of the personalty until the estate was settled.

The chancellor adjudged that the deed and contracts she made with the heirs be set aside; also, he set aside various steps taken by the heirs in distributing the estate. That judgment was affirmed in Hall v. Hall, 261 Ky. 685, 88 S. W. (2d) 690, and the case went back to the circuit court for an accounting by the heirs to Mrs. Hall.

On Oct. 27, 1932, three days after filing her intervening petition, Mrs. Hall filed a lis pendens notice in the office of the County Court Clerk of Boyd County in conformity with Section 2358a-1, Kentucky Statutes, which set out the relief she was seeking, named the heirs as the persons against whom it was sought, and gave a description of the property involved. The notice recites:

> "and in said intervening petition the said Alice Hall also seeks to recover an undivided one-half interest in said lands in her own right, together with her dower interest therein as the widow of said W. R. Hall; and further seeks to recover in said action her statutory interest in the personal and other properties as the widow of the said W. R. Hall. * * * The rights, title and interests of the said Alice Hall in and to the lands hereinabove described are involved and affected by said action."

Upon a return of the case to the circuit court, Mrs. Hall filed an amended intervening petition on May 19, 1937, setting out specifically her interest in the real and personal estate and her claims against the heirs, and asked that she be granted a first lien on the interest of the heirs in both the real and personal property of the estate to secure her claims.

On July 21, 1937, the appellant, Ben Williamson & Company, hereinafter referred to as the Company, filed an answer to this pleading averring that in 1933 it sold $2,000 worth of equipment to Marion Hall, administrator and one of the heirs of W. R. Hall, which was secured by a mortgage executed to it by Marion and his wife on May 24, 1934, covering certain of the Boyd County property conveyed to Marion by the other heirs. Appellant's note and mortgage were reduced to judgment on Dec. 22, 1934, which judgment sustained an attachment against certain of the Floyd County lands.

Proof was taken on the issues joined between Mrs. Hall and the heirs and the chancellor rendered a judgment for $26,040.16 in her favor against all the heirs

jointly. Certain credits reduced this amount to $16,132.75. The chancellor reserved all question of priorities of liens between Mrs. Hall and third persons. That judgment was affirmed in Hall's Adm'r v. Hall, 285 Ky. 730, 149 S. W. (2d) 24.

The present appeal is from a judgment by the chancellor holding that Mrs. Hall has a lien on the Boyd County property superior to the mortgage lien adjudged to the Company upon the farm claimed by Marion Hall. It is insisted by the Company that the lis pendens notice filed by Mrs. Hall in 1932 did not cover the lien she asserted against the property of the heirs by the amended pleading she filed in 1937; that as it had no notice, or actual knowledge, of her litigated claims its mortgage took precedence over same. The Company further contends that the judgment granting Mrs. Hall a lien superior to its mortgage should have marshaled the assets of the heirs and first directed a sale of such assets not covered by its lien; and if Mrs. Hall's lien was not satisfied, then the judgment should have directed the sale of the property upon which the Company had a mortgage. It further urges that the judgment allotting dower should not have given the widow dower in each of the many separate parcels of real estate, but the value of her dower in all the real estate should have been determined and then allotted out of one large tract.

In 34 Am. Jur., Section 36, p. 390, it is written:

"According to the generally accepted view, lis pendens is notice of all facts apparent on the face of the pleadings and exhibits and of all other facts of which they would put a person of ordinary prudence on inquiry."

Applying the rule to the pleadings and to the lis pendens notice referred to above, it cannot be doubted that they were sufficient to put appellant on inquiry that Mrs. Hall was asserting a claim against this real estate to secure her interest in her husband's estate. Harris v. Whittier Bldg. & Loan Ass'n, 18 Cal. App. (2d) 260, 63 P. (2d) 840; Annotations, 56 Am. St. Rep. 869, 870; Annotations, 8 L. R. A. 553. Indeed, it was written on the second appeal in Hall's Adm'r v. Hall, 285 Ky. 730, 149 S. W. (2d) 24, 27:

"Here there was appropriate action on the part of

the widow, and in cases such as the one here developed equity impresses the lien.''

We cannot agree with appellant that the amended intervening petition so extended Mrs. Hall's claim as to make it incumbent upon her to file an additional lis pendens notice referred to in the latter part of Section 2358a-1.

In a carefully considered written opinion the chancellor stated that the information which the testimony of Lucian B. Burke, credit manager for appellant, showed he possessed, when taken with the facts disclosed by the lis pendens notice, was undoubtedly sufficient to put appellant on inquiry. Burke testified that while he knew there had been some division made of the estate, there was some controversy between the parties, and not knowing whether the division would stand, he sold the $2,000 worth of equipment to Marion Hall individually and as administrator. By thus selling it in a dual capacity he hoped to protect his Company. The record shows Marion signed the $2,000 note as administrator and then indorsed it individually so as to bind himself personally. We agree with the chancellor that the knowledge Burke had, when considered with the facts disclosed by the lis pendens notice, were sufficient to put' an ordinarily prudent person upon inquiry. Dick et al. v. Jasper, 195 Ky. 539, 242 S. W. 834.

Appellant's complaint that the chancellor did not marshal the assets is not well taken. The judgment first directed the sale of certain securities upon which the Company had no claim. Then the real estate in Floyd County upon which it had no lien was ordered to be sold. It was next recited that if Mrs. Hall's judgment then remained unsatisfied, the Boyd County properties would be sold. From what we have just recited from the judgment, it is evident the chancellor meant the property upon which the Company had been adjudged a lien inferior to that of Mrs. Hall's would be sold last.

The law of the case rule prevents us from considering the contention of appellant that the value of the widow's dower in all real estate should have been ascertained and then allotted as a whole out of one tract. Upon a return of the case to the circuit court after the judgment was affirmed in Hall et al. v. Hall et al., 261 Ky. 685, 88 S. W. (2d) 690, the chancellor appointed commissioners to allot dower, which they did, and their re-

port was confirmed by an order entered on May 3, 1938, which was long after the Company was adjudged a lien by virtue of its mortgage. An appeal was taken from the final judgment entered in that action and the judgment was affirmed in Hall's Adm'r v. Hall, 285 Ky. 730, 149 S. W. (2d) 24. As the manner of allotting dower was not questioned on that appeal, it cannot be raised here.

The judgment is affirmed.