## Thompson v. Hall.

May 15, 1942.

Woods, Stewart & Nickell and R. D. Davis for appellant.

Howard & Mayo for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming.

This is a companion case to Ben Williamson & Co. v. Alice Hall et al., 290 Ky. 672, 161 S. W. (2d) 905. It was the intention of the parties to have this appeal heard with the Williamson case and an order was entered to that effect. However, there was some delay in filing briefs in the instant case and during the interim the opinion in the Williamson case was handed down.

The facts here are practically the same as those in Ben Williamson & Co. v. Alice Hall et al., supra, the only difference being the mortgage executed by Marion Hall and wife upon which Mrs. Thompson's judgment was rendered was for $1,000, while the mortgage Marion executed to Williamson & Company was for $2,000. In the same judgment decreeing Mrs. Hall's lien was superior to the mortgage of Williamson & Company, the chancellor also held Mrs. Hall's lien was superior to the

mortgage of Mrs. Thompson, and the latter prosecutes this appeal. She makes the same contention here that was made by Williamson & Company there, to-wit, that the lis pendens notice filed by Mrs. Hall in 1932 did not cover the lien she asserted against the property of the heirs by the amended pleading she filed in 1937, and as Mrs. Thompson had no notice or actual knowledge of Mrs. Hall's litigated claims, her mortgage took precedence over same.

So far as Mrs. Hall's rights are concerned, the mortgage of Mrs. Thompson occupies a status identical with the mortgage of Williamson & Company. What was written in Ben Williamson & Co. v. Alice Hall et al., 290 Ky. 672, 161 S. W. (2d) 905, applies with the same force to the $1,000 mortgage Marion Hall and wife executed to Mrs. Thompson on Feb. 23, 1934, as it does to the $2,000 mortgage they executed to the Williamson & Company on May 24, 1934, and it is not necessary to repeat it. For the reasons therein given the judgment from which this appeal is prosecuted is affirmed.

Judgment affirmed.